## GILBERT *against* VANDERPOOL AND BEEKMAN.

Where process is issued out of a justice's court against an attorney or counsellor, and served during the term of the court of which he is an attorney or counsellor, the defendant may plead his privilege in abatement, although the process was returnable after the end of the term.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error brought an action in the court below against the plaintiff in error, who was an attorney of this court. The summons was issued during the term of this court, and was returnable on a day subsequent to the last day of term. On the return of the summons, the parties appeared, and the defendant pleaded that he was an attorney of the supreme court, which was sitting at the time the summons was issued and served, and claimed his exemption under the proviso in the 8th section of the *act concerning costs*, (1 *N. R. L.* 345.) which takes away the privilege

A plea in abatement in a justice's court need not be verified by affidavit.

of an attorney or counsellor, in cases of debts to the amount of 25 dollars, "unless it shall appear that the court wherein he shall be such attorney or counsellor shall be then sitting." The justice overruled the plea. A trial was then had on the general issue, and judgment was rendered in favour of the plaintiffs below.

PLATT, J. delivered the opinion of the court. Two questions are presented for our consideration in this case: 1. Whether the defendant below was entitled to exemption from this suit upon the facts stated in his plea: and 2. Whether the justice was bound to receive or notice the plea in abatement without affidavit of its truth.

On the first question we are of opinion that, according to the true construction of the 8th section of the act concerning costs, an attorney or counsellor of any court of record is exempt from the service of process issued out of a justice's court, during the sitting of the court, of which he is an attorney or counsellor. The term of such court may continue until the day before the return day of the summons; and then the defendant would have only one, instead of six days to prepare for his defence: the legal intendment being that the attorney or counsel is occupied exclusively in the business of the term during its continuance. The statute has modified the common law privilege, by subjecting attorneys and counsellors, during vacation, to the jurisdiction of justices; but the effect of the proviso is to leave them completely under the protection of their common law privileges during the terms of their courts.

On the second question also, the opinion of the court is in favour of the defendant below. The 23d section of the *act for the amendment of the law*, (1 *N. R. L.* 524.) requiring dilatory pleas to be verified by affidavit is expressly made applicable to courts of record only. A justice's court, in the sense of that statute, is not a court of record. The statute says, " that no dilatory plea shall be received in any court of record, unless the party offering such plea do, by affidavit, prove the truth thereof, &c." This is said in reference to the practice of all courts of record of receiving written pleas, in vacation or in term, by filing them in the

NEW-YORK, clerk's office, and has no reference to a justice's court
May, 1818. where the pleadings are generally *ore tenus*, and are never
required to be in writing, and where the pleadings are always

HUBBARD in open court. That a defendant might make an oral plea
v in abatement, and yet be required to verify it by an affidavit,
SPENCER. that is, an oath in writing, was never intended by the legis-
lature. A plea in abatement in a justice's court, like every
other plea, must be proved, unless admitted; and in this case
the trial and proof of all disputed facts was immediately to
follow the plea. The reason, therefore, for requiring an af-
fidavit to verify a dilatory plea, in courts of record, does not
apply to a justice's court. In the one case, the effect of a
plea in abatement, if frivolous, is to delay a trial on the
merits, for a term, at least : in the other case, the plea in
abatement, and the plea on *respondeas ouster*, are all tried
at the same sitting. Besides, the affidavit (if any were neces-
sary,) was waived in this case, as the plaintiffs made no ob-
jection to the plea on that ground. The plaintiffs and the
justice seem to have put the cause on the single point, that
as the return day of the summons was after the term of the
supreme court, the attorney was amenable to the justice's
court, although the process was issued and served during the
term. On that point the justice erred, and the judgment for
the plaintiffs below ought to be reversed.

*Judgment reversed.*