**VAN ALSTYNE *vs*. DEARBORN.**

*A plea of privilege by an attorney in a justice's court after an appeal, will be construed without regard to established forms or technical rules; all necessary averments will be presumed. Privilege may be plead in a suit before a justice, though commenced by summons.*

ERROR from the Madison common pleas. Van Alstyne sued Dearborn by summons in a justice's court, and declared against him for the use and occupation of a dwelling house, &c. The defendant pleaded " his privilege as being an attorney of the supreme court then sitting, and as such not liable to be proceeded against under the said summons." The plaintiff demurred, and the justice gave judgment for the plaintiff, upon which the defendant pleaded the general issue and the statute of limitations, the parties proceeded to trial, and the justice rendered judgment for the plaintiff. The defendant appealed to the Madison common pleas, who gave judgment for the defendant on his plea of privilege and awarded to him $48 81 costs ; to attempt a reversal of which judgment, a writ of error was brought.

*J. A. Spencer*, for plaintiff in error, who insisted that the plea was defective in not averring that the defendant was a practising attorney or had practised within a year, and that the privilege is from arrest, not from suit by summons.

*C. Stebbins*, for defendant.

*By the Court*, MARCY, J. This case involves the consideration of the form and effect of the defendant's plea of privilege. It is contended that this plea is defective in substance, because it did not state that the defendant was a *practising attorney*, or that he had, within one year from the time of the commencement of the suit against him, been engaged as an attorney in the prosecution of a suit in the supreme court. The common pleas, in reviewing the decision of the justice, were bound, by the express provision of the statute, (*sess.* 47, *ch.* 238, *sec.* 38,) to construe the plea liberally without regard to established forms or technical rules, and with a view to substantial justice between the parties ; and they seem to have done so. The pleadings before a magistrate are

generally, and probably were in this case *ore tenus*, and the plea in question may not have been returned by him as fully as it was stated. Taking this into consideration, in conjunction with the directions of the statute, we ought to regard the plea as unexceptionable in substance. The other point, that there can be no privilege where there is no arrest, is settled in *Gilbert* v. *Vanderpool & Beekman*, (15 *Johns. Rep.* 242.) The court there allow the plea of privilege to be effectual in a suit against an attorney prosecuted in a justice's court by summons.

Judgment affirmed.