<div align="right">
Ring<br>
v.<br>
Grout.
</div>

---

### Ring *vs.* Grout.

In the case of *trustees* and *collectors* of *school districts*, general reputation of
their being such officers, and proof of their acting as such, is *prima facie* suf-
ficient, without producing evidence of their election, especially where there
is evidence of their acting under color of an election.

Evidence that a majority of the inhabitants of the district *say* that such per-
sons are not trustees and collector, is admissible.

*It seems*, that a collector of a school district ought to be resident of the dis-
trict; but if a *non-resident* be elected, he will not be liable as a trespasser
for acts done by him in the discharge of the duties of his office.

A defective or insufficient-precept or order, by virtue of which the district
meeting is convened for the election of officers, cannot be taken advantage of
to charge the persons elected as such officers, as *trespassers* for any of their
official acts.

A plea of justification in a *justice's court*, under a warrant from the trustees
of *school district* No. 1, in the town of Ogden, is supported by evidence of a
warrant issued by the trustees of *school district* No. 1, *in Ogden and Par-
ma;* under pleadings in a justice's court, such *variance* will not be consider-
ed material.

ERROR from the Monroe common pleas. Ring sued Grout
before a justice, and declared against him in *trespass* for taking
certain goods and chattels; the defendant pleaded, acknowl-
edging the taking of the property, and justified by authority
of a warrant issued by the trustees of school district No 1. *in
the town of Ogden*, to him directed as collector of the district.
The justice rendered judgment in favor of the defendant for
costs, and the plaintiff appealed to the Monroe common pleas.
On the trial in that court, the defendant produced a warrant,
directed to the collector of school district No. 1, *in Ogden and
Parma*, county of Monroe, commanding him to collect from
each of the inhabitants named in a taxed list annexed, the
sum set opposite his name; in which list was the name of the
plaintiff, with the sum of $1,57 set opposite thereto. The

UTICA,
July, 1831.

Ring
v.
Grout.

warrant had the signatures of three persons of the names of Burd, Churchill and Humphrey subscribed to it as trustees. The defendant proved the genuineness of their signatures, and that they were reputed to be trustees of school district No. 1, in Ogden and Parma; that he the defendant, was *reputed* to be, and *acted* as collector of said district, and that the warrant was delivered to him; the plaintiff objected to its being read in evidence, on the ground of the *variance* between it and the process specified in the plea; when, it being proved that there was no other district No. 1 in Ogden, except the district formed from the two towns of *Ogden* and *Parma*, the court overruled the objection. The plaintiff next objected, that the proof was insufficient to shew that Burd, Churchill and Humphrey were trustees, and that there ought to be proof that there was such a district as was specified in the warrant; which objection was overruled, and the warrant was read. The defendant then proved that by virtue of it he took and sold the property in question.

The plaintiff offered to prove that much the largest proportion of the inhabitants *said* that Burd, Churchill and Humphrey were *not* trustees, and that the defendant was *not* collector, which evidence was rejected by the court; he then offered to prove that the defendant at the time he was elected, and while acting as collector, did *not reside* in the district for which he was elected, which evidence was also rejected. The plaintiff proved that there having been some alterations made of the bounds of district No. 1, *one* commissioner of common schools issued a precept to one William Adams, a taxable inhabitant of the district, requiring him to notify "each of the taxable inhabitants residing in district No. 1, as described in the boundaries agreeable to the last alteration in said district," to meet at the school house on, &c. to elect district officers, and to transact such other business as might be necessary in the organization of the district; that by virtue thereof, Adams notified a meeting, which was held, and Burd, Churchill and Humphrey elected trustees, and the defendant elected collector. The plaintiff objected to the precept as being too vague and uncertain in the description of the bounds of the district, but the court adjudged it to be sufficient. The plain-

tiff then offered to prove that in consequence of the insufficien. cy of the description in the precept, Adams, the person to whom it was directed, was misled, and notified persons residing out of the district, and omitted to notify others who resided within it to attend the meeting, which evidence was also refused to be received. The jury found a verdict for the *defendant*, and the C. P. awarded *double costs* to the defendant. The plaintiff having excepted to the several decisions of the court, sued out a writ of error.

*S. B. Jewett*, for plaintiff in error.

*C. M. Lee*, for defendant in error.

*By the Court*, SUTHERLAND, J.* I am inclined to think the court below were substantially correct in all the decisions to which the plaintiff excepted.

The *variance* between the warrant produced and that described in the plea was not, under the circumstances of the case, material. The plea described the warrant as having been issued by the trustees of school district No. 1. in the town of Ogden, and directed to the defendant as collector of said district; whereas the district was in fact district No. 1, in Ogden and Parma, and was directed to the defendant as collector of such district. It was proved that there was no other district No. 1 in Ogden, except the district formed from the two towns of Ogden and Parma. The pleadings in this case, it will be recollected, were put in before the justice's court, and such pleadings are, by the express directions of the statute, Laws of 1824, p. 296, § 13, to be liberally construed without regard to establish forms or technical rules of pleading, and with a view to substantial justice between the parties; such has been the uniform practice in this court. 2 Wendell, 586, 451. If the plea distinctly apprises the opposite party of the real defence intended to be set up, and the court see either from the plea itself, or the accompanying evidence, that he

*This case and all the other cases in this term, reported as decided by Mr. Justice SUTHERLAND, were decided at the last May term.

UTICA,
July, 1831.

Ring
v.
Grout.

could not have been misled, it will always be held sufficient. Such was obviously this case.

It was proved that the individuals whose names were subscribed to the warrant, acted as, and were reputed to be trustees of school district No. 1 in Ogden and Parma, and that the signatures to the warrant were in their hand-writing, and that the defendant was reputed to be, and acted as collector of said district, and that the warrant was delivered to him as such collector. This was *prima facie* sufficient to establish the official character of the trustees and of the defendant, and of course, the existence of the district, whose officers they claimed to be. *Wilcox* v. *Smith*, 5 Wendell, 231, and the cases there cited. The trustees and collectors of school districts have uniformly been held to stand upon the same ground in this respect as other public officers. In the case of a public officer, as a sheriff, justice of the peace, constable, &c. it is sufficient to prove, when he is sued *in an action of trespass* for an act done in his official character, that he had the general reputation of being such officer, and publicly acted as such without producing his appointment. *Potter* v. *Luther*, 3 Johns. R. 431. 4 T. R. 366, *opinion of Buller, J.* 16 Vin. 114. The testimony of Adams shows that the trustees and collector were in office under the color of an election at least. To rebut this evidence the plaintiff offered to prove that much the largest proportion of the inhabitants said that the individuals who had signed the warrant were not trustees, and that the defendant was not collector. This was properly overruled; it went merely to show that a majority of the inhabitants of the district *said* that they were not officers *de jure*, but in no respect disproved the important fact that they were generally reputed to be, and publicly acted as afficers *de facto;* and it certainly was not competent evidence to show that they were not officers *de jure.* There is no express statutory provision that no one shall be eligible to the office of collector but a resident of the district, although there are provisions in the act upon this subject, from which the fact and propriety of such residence seem to be implied on the part of the legislature. 1 R. L. 480, § 71, 72. But I am inclined to think that if the electors of the district should confer the appointment upon a non-resi-

dent, he would be an officer, *de facto*, so that his official acts would not make him a trespasser, although, perhaps, he might be ousted from his office, if a proper course of proceeding for that purpose were adopted. There is no force in the remaining exception, that the limits or boundaries of the school district were not sufficiently described in the written order given by the commissioners to Adams, to notify the inhabitants of the district of the time and place of holding the meeting, at which the defendant was elected. 1 R. S. 477, § 55. It is not indispensably necessary to insert the boundaries of the district in the notice ; it will in most cases be sufficiently described by its number, if its limits are well defined and generally known; at all events, an omission like this in the preliminary proceedings cannot render all the acts of the meeting void, so that officers chosen at such meeting will be liable in an action of trespass for any of their official acts.

<div style="margin-left:2em">UTICA,
July, 1831.

Judgment affirmed, with double costs.