(18 Misc. Rep. 373.)

### NATIONAL PRESS INTELLIGENCE CO. v. BROOKE.

(City Court of New York, General Term.    October 30, 1896.)

ARREST—PRIVILEGE OF ATTORNEYS.

    2 Rev. St. p. 290, § 86, providing that an attorney is not "exempt from arrest during the sitting of the court," unless he is employed in a cause to be heard thereat, restricts to arrest the common-law exemptions from arrest or suit, so that a service of an order in a supplementary proceeding on an attorney engaged in court is valid.

Appeal from special term.

Supplementary proceedings by the National Press Intelligence Company against Charles W. Brooke.    From an order setting aside the service of the order in the proceedings, the judgment creditor appeals.    Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

F. E. Hipple, for appellant.
C. L. Brooke, for respondent.

SCHUCHMAN, J.    This is an appeal from an order setting aside the service of an order in supplementary proceedings on the ground of its alleged irregularity, in that it was served on the defendant, who is an attorney, while in court.    The affidavit on which said order was granted alleges that the defendant, the judgment debtor, was in the supreme court, part 1, on the 11th day of August, 1886, when said order in supplementary proceedings was served upon him; that he was then in actual attendance in said court, in his capacity as attorney, to answer to and argue a motion there and then upon the calendar of such court, and pending.    This, in our opinion, sufficiently establishes the fact that the said judgment debtor was then actually engaged in the discharge of his professional duties before the court.    An attorney at law is an officer in a court of justice who is employed by a party in a cause to manage the same for him.    1 Am. & Eng. Enc. Law, 943.    At common law, and prior to the Revised Statutes, an attorney was exempted from arrest or being sued during the actual sitting of the court of which he was an officer, if he was employed in some cause pending, and then to be heard in such court, "eundo, morando, et redeundo," which means "going, remaining, and returning."    Gilbert v. Vanderpool, 15 Johns. 242; Van Alstyne v. Dearborn, 2 Wend. 586.    But the Revised Statutes (part 3, c. 3, tit. 2, § 86, vol. 2, p. 290) changed the law so as to restrict the privilege so that they were "exempt from arrest during the sitting of the court of which he was an officer," if he was "employed in some cause

pending and then to be heard in such court." While I cannot too strongly condemn the propriety of serving papers on an attorney in open court, I think such service is legal. The reason of the exemption prior to the Revised Statutes was "not to take away an attorney while in court in discharge of his duty, by a ca. sa., by which a suit was then instituted." Under the present procedure a service of a summons or order would not interfere with such a discharge of his duties. The reason for the exemption having ceased to exist, the maxim, "Cessante ratione, cessat lex," applies.

The order appealed from is therefore reversed, with costs, and the motion below is denied, without costs, and defendant is directed to attend and be examined pursuant to the order. All concur.