### GEORGE W. WHITMAN v. JOHN M. SHEETS.

1. WHEN MOTION TO QUASH SERVICE OF SUMMONS CANNOT BE REVIEWED.

A motion to quash service of summons cannot be reviewed where the finding of the court was based upon facts and no motion for a new trial was made.

2. SERVICE OF SUMMONS UPON AN ATTORNEY, MAY BE SET ASIDE, WHEN.

An attorney at law, while acting in his professional capacity, in an action pending in a county other than the one in which he is a resident, is exempt from service of summons, and any service so made should, on motion, be set aside.

3. SUBSISTING DEFECTIVE SERVICE PRECLUDES SECOND SERVICE.

Unless set aside a defective service of summons will support a judgment, and, while subsisting, such service precludes a second service being made.

HEARD ON ERROR.

NORRIS, J.

The petition was filed in the office of the clerk of the court of com mon pleas of this county against divers parties, one of the defendants being the defendant in error, John M. Sheets. The petition was upon an account.

Precipe for summons was filed with the clerk, and service issued in the usual form directed to the sheriff of Hancock county. This summons was served upon the defendant in error on August 1, 1899. On August 17, the defendant, Sheets, filed his motion to quash the service of this summons for the reason that he is a resident of the county of Putnam, state of Ohio, and by profession an attorney at law in full practice. That when the summons was served on him, he was present in Hancock county for the purpose, and no other, of representing and acting as attorney for a litigant in a case then to be heard, and which upon said first day of August, was heard by the circuit court of Hancock county, Ohio, and that immediately after the hearing, and before he could leave the court house in the city of Findlay, and before he could return to the county of Putnam, the summons was served on him, and that no other service was made.

While this motion to quash was pending, and before disposition thereof by the court of common pleas, and while this first summons was subsisting, another summons was issued upon the same petition, and on September 7, 1899, while defendant, John M. Sheets, was in Hancock county, the second summons was served upon him. The other defendants have never been served.

The defendant, Sheets, filed his motion to quash the summons served on him, on September 7, 1899. The ground of the last motion is that said summons was issued and served upon him without any authority of law. On October 26, 1899, both motions came on to be heard upon the evidence. The first motion was supported by the affidavit of the defendant, the substance of which I have recited. This motion was sustained and the first service made in August was quashed. To this finding of the court and order sustaining the motion, plaintiff filed no motion for a new trial.

On the same day the motion to quash the service made on September 7, 1899, of the summons, came on to be heard and was submitted to the court upon the evidence.   The evidence was the summons served August 1, the affidavit in support of the motion to set that service aside, the finding and judgment of the court sustaining that motion and the summons served on September 7, and the court made its finding and judgment, sustaining the motion as to the second service and set the same aside.

Plaintiff filed its motion for a new trial which was overruled, and it institutes proceedings in error to reverse the finding and judgment of the common pleas.   The errors assigned are, that the finding of the court is not sustained by the weight of the evidence; that the court erred in sustaining the motion to quash the service made August 1, 1899, the first service, and in giving its judgment in support of said motion, and error in sustaining the motion as to the second service and giving a judgment in support thereof.

We are not at liberty to review the finding of the court upon the first motion, nor the judgment upon that finding.   The evidence upon which the court based its determination is not before us, no motion for new trial having been presented, and the consideration of the court upon the facts, for this reason, is not challenged.   While this is true, we cannot render ourselves oblivious to the facts presented in support of that motion, because all the evidence thereon submitted, the court finding, upon that evidence and the judgment upon that finding, were received as evidence in support of the second motion and are embodied in the bill of exceptions here presented to reverse the proceedings on the second motion.

The action of the court upon the first motion is in accord with the rule of public policy, which, in the proper administration of justice, recognizes the necessity of safe conduct to suitors and counsel to and from jurisdictions foreign to those of their residence and locality, and that counsel and client whose presence are necessary at the forum wherein the rights of the suitor are pending, may be free to come and go without incurring liability or submitting to inconvience, which otherwise to avoid, he must absent himself from the jurisdiction in which the client's interests are being determined.   The rule applied to counsel as well as to the suitor.   It requires no argument to reach the conclusion that the presence of counsel is always necessary, and at times and upon occasions far more necessary than the presence of the client himself; so that the application of this rule by the trial court in support of the first motion was far from erroneous.   The objection to the second service is that it was made while the first service subsisted, while the first summons was in performance of its office.   In this case the first writ had not become lost, was not destroyed and hence unavailable for use at the proper time; but it had been used, it had been served, and served upon the same party upon whom the second writ was served, and for the same purpose.   By the potency and command of the first writ, the defendant was then in court, and there would remain until the forum from which the writ issued would otherwise determine.   The writ was not lost, or destroyed or returned not summoned, but was returned served; the return imported legal service, and without attack would bear a judgment against the defendant in the case.   Now, in this situation the second writ was issued and the second service was made.   A majority of the court are of the opinion that without invading the realm of technicality

the issuing of the second writ and the service of the same was without authority of law. And that while the service of the first writ thus subsisted, and while the party was then in court, no other writ to perform the same service might issue, and no other legal service could be made. Defendant might never attack the service, or if he did not attack its legality, he was at liberty to withdraw his motion and submit to the jurisdiction acquired by the first writ. It performed its office until the court acted upon it, and while performing its office, another writ could neither strengthen its efficacy nor destroy its effect : the two could not be co-ordinate and concurrent and exist together. The second writ could not wait in full strength until the first had lost its potency, If the first performed its office until otherwise determined, the other, when issued and served, had no office to perform.

We find no error in the record to the prejudice of the plaintiff in error, and the judgment of the common pleas is affirmed.

Day, J., does not agree with the majority of the court.

*W. H. McElwaine*, for plaintiff in error.

*John M. Sheets*, for defendant in error.