Norris, J.
The petition was filed in the office of the clerk of the court of common pleas of this county against divers part *2 ieB, one of the defendants being the defendant in error, John M. Sheets. The petition was upon an account.
Precipe for summons was filed with the clerk, and service issued in the usual form directed to the sheriff of Hancock county. This summons was served upon the defendant in •error, on the first of August, 1899. On the 17th of August the defendant, Sheets, filed his motion to quash the service of this summons for the reason that he is a resident of the county of Putnam, state of Ohio, and by profession an attorney-at-law in full praotice. That when the summons was served on him, he was present in Hancock county for the purpose and no other, of representing and aoting as attorney for a litigant in a case then to be heard, and which upon said first day of August, was heard by the circuit court of Hancock oounty, Ohio, and that immediately after the hearing, and before he could leave the court house in the city of Findlay, and before he could return to the county of Putnam, the summons was served on him, and that no other service was made.
•While this motion to quash was pending, and before disposition thereof by the court of common pleas, and while this first summons was subsisting, another summons was issued upon the same petition, and on the 7th day of September, 1899, while defendant, John M. Sheets, was in Hancock county, the second summons was served upon him. The other defendants have never been served. •
The defendant, Sheets, filed his motion to quash the summons served on him, uuthe 7th of September, 1899. The ground of the last motion is that said summons was issued and served upon him without any authority of law. On the 26th of October. 1899, both motions came on to he heard upon the evidence. The first motion was supported by the affidavit of the defendant, the substance of which I have recited. This motion was sustained and the first service made in August was quashed. To this finding of the court and order sustaining the motion, plaintiff filed no motion for new trial.
On the same day the motion to quash the service made on September 7tb,1899,of the summons, came on to be heard and was submitted to the court upon the evidence. The evidence was the summons served August 1st, the affidavit in support of the motion to set that service aside, the finding and judgment of the court; sustaining that motion, and the summons served on September seventh, and the court made its finding and judgment, sustaining the motion as to the second service and set the same asides
*3 Plaintff filed its motion for a new trial which was overruled, and it institutes proceedings in error to reverse the finding and judgment of the common pleas. The errors assigned are, that the finding of the court is not sustained by the weight of the evidence; that ths oourt erred in sustaining the motion to quash the service made August 1st, 1899, the first service, and in giving its judgment in support of said motion, and error in sustaining the motion as to the second service and giving a judgment in support thereof.
We are not at liberty to review the finding of the oourt upon the first motion, nor the judgment upon that finding. The evidence upon which the court based its determination is not before, us, no motion for new trial having been presented, and the consideration of the court upon the facts, for this reason,is not challenged. While this is true, we cannot render ourselves oblivious to the facts presented in support of that motion, because all the evidence thereon submitted, the oourt finding, upon that evidence and the judgment upon that finding were received as evidence in support •of the second motion’and are embodied in the bill of exceptions here presented to reverse the proceedings on the second motion.
The action of the oourt upon the first motion is in acoord with the rule of public policy, which in the proper administration of justice recognizes the necessity of safe oonduot to •suitors and counsel to and from jurisdictions foreign to those of their residence and locality, and that counsel and •client whose presence are necessary at the forum wherein the rights of the suitor are yiending, may he free to come and go without incurring liability or submitting to inconvenience, which otherwise to avoid, he must abpent himself from the jurisdiction in whioh the client’s interests are being determined. The rule applies to counsel »b well as to the suitor. It requires no argument to reach the conclusion that the presence of oounsel ia always necessary, and at times and upon occasions far more necessary than the pres•enoe of the olient himself; So that the application of this, rule by the trial oourt in support of the first motion was far from erroneous. The objection to the second service is that it was made while the first service subsisted, while the first •summons was in performance of its office. In this case the first writ had not become lost, was not destroyed and'henoe unavailable for use at the proper time; but it had been used, it had been served, and served upon the same party upon whom the second writ was served, and for the same purpose. *4 By the potenoy and command of the first writ, the defendant was then in oourt, and there would remain until the forum from which the writ issued would otherwise determine. The writ was not lost, or destroyed or returned not summoned, but was returned served; the return imported legal service, and without attack would bear a judgment against the defendant in the case. Now, in this situation the second writ was issued and the second service vas made. A majority of the court are of the opinion that without invading the realm of technicality, the issuing of the second writ and the service of the same was without authority of' law. And that while the service of the first writ thus subsisted, and while the party was then in court, no other writ to perform the same service might issue, and no other legal service could he made. Defendant might never attach the service, or if he did attack its legality, he was at liberty to withdraw his motion and submit to the jurisdiction acquired by the first writ. It performed its office until the oourt aoted upon it, and while performing its office, another writ could neither strengthen its efficacy nor destroy its effect; the two could not be co-ordinate and concurrent and exist together. The second writ could not wait in full strength until the first had lost its potency. If the first performed its office until otherwise determined, the other, when issued and served, had no office to perform.
W. H. McElwaine, for Plaintiff in Error.
John M. Sheets, for Defendant in Error.
We find no error in the record to the prejudice of the plaintiff in error, and the judgment of the common pleas is. affirmed.
Day J., does not agree with the majority of the court.