ROBBINS *v.* LINCOLN.

*(Circuit Court, N. D. Illinois. April, 1886.)*

WRIT AND PROCESS—EXEMPTION OF ATTORNEY FROM ANOTHER STATE ATTENDING COURT—REV. ST. ILL. CH. 2, § 8.
    Under the Illinois statute a resident attorney may be served with summons in a civil action or suit while in attendance upon the courts, and an attorney from another state has no greater privilege.

At Law.
*Trumbull, Washburn & Robbins,* for complainant.
*John Woodbridge,* for defendant.

BLODGETT, J., *(orally.)* This is a motion to quash the service of summons on the defendant, Timothy D. Lincoln, the ground for the motion being that Mr. Lincoln, who is a resident of the city of Cincinnati and an attorney at law, came into this district for the purpose

of attending to the trial of a cause pending before this court in which he was counsel and solicitor, and while here was served with the ordinary chancery subpœna or summons requiring him to appear and answer the complainant's bill at a future day. In resisting this motion, one of the points made by the complainant is that Mr. Lincoln is not a member of the bar of this court. This point is not well taken, it being personally known to myself, and would undoubtedly be established by the records of this court, but for the fact they were destroyed by the fire of 1871, that Mr. Lincoln, as early as 1856, was admitted as an attorney in this court, and appeared in a series of very important cases then pending here. Further than that, the supreme court of the United States has held that a member of the bar of the supreme court is entitled to practice in any of the federal courts, and Mr. Lincoln has for many years past, as the reported cases show, appeared as attorney in cases before the supreme court of the United States.

The question raised by this motion involves the construction to be given the Illinois statute in regard to the privilege of attorneys and officers of courts. I do not see that a member of the bar from neighboring states is entitled to any greater privilege than a member of the bar of our own state as to service of process upon him while in the exercise of his professional functions. Section 8, *c.* 12, Rev. St. Ill., provides:

"All attorneys and counselors at law, judges, clerks, sheriffs, and all other officers of the several courts within this state, shall be liable to be arrested and held to bail, and shall be subject to the same legal process, and may in all respects be prosecuted and proceeded against in the same court, and in the same manner, as other persons, any law, usage, or custom to the contrary notwithstanding: provided, nevertheless, said judges, counselors, or attorneys, clerks, sheriffs, or other officers of the several courts, shall be privileged from arrest while they are attending court, and while going to and returning from court."

This statute has never been passed upon by the supreme court of this state, and I am compelled to give it such construction as it seems to me the legislature of the state intended. The word "arrest," as used in connection with the privilege of members of congress, officers of courts, witnesses, etc., has been construed by many of the courts, and several of the federal courts, to include the service of summons; so that there is a line of decisions running through the state and federal reports holding that service of summons on a party is equivalent to an arrest, and that the privilege from arrest is violated by the service of a summons. The statute of Illinois, however, I think, clearly implies by the word "arrest" a detention of the person within the technical and legal meaning of the word in contradistinction to mere service of summons, because the first paragraph of the section which I have just read, after enumerating the persons, says, "Shall be liable to be arrested, *and held to bail,*" thereby implying something more than service of summons on them which shall require their at-

tendance at a future day; and although the proviso of the statute under which these persons are privileged when in attendance upon the courts uses the word "arrest," yet, at the same time, it is very evident that the word as used in the proviso relates back to the use of the same word in the body of the section; so that I have no doubt the legislature of Illinois intended that the privilege should be only from being arrested and held to bail.

The evident purpose and meaning of the Illinois statute, when all considered together, is, as it seems to me, to privilege an attorney from actual arrest while in attendance upon the courts where he has professional duties to perform; as, if arrested at such time and imprisoned, or obliged to seek bail, the rights of his client may be jeopardized, and the business of the court interrupted or delayed; but it only privileges him from such service of process as involves imprisonment or holding to bail.

I do not intend in deciding this motion to be understood as dissentting from the cases where it has been held that a person coming into the district as a witness is privileged from being served by summons, nor the cases where a party has been induced by some false or fraudulent pretense to come within the territorial jurisdiction of a court, and then served with summons, as these cases, it seems to me, rest upon a different principle. I only intend to decide that, as I construe the Illinois statute, a resident attorney may be served with summons while in attendance upon the courts here, and that an attorney from another district or state has no greater privilege.

The federal statute allows a civil suit to be brought against a person in the district whereof he is an inhabitant, or in which he may be found at the time of serving process; and as the return in this case shows that this defendant was found in this district, and served with process of summons therein, I think the plea or suggestion of privilege is not well taken.