1. ATTORNEYS AT LAW—PRIVILEGE—SERVICE OF PROCESS.
    The privilege of exemption of attorneys from arrest in certain
    cases, given by 2 How. Stat. § 7253, is not exclusive of the
    common-law privilege from service of process while attend-
    ing court, or while going thereto or returning therefrom.

2. SAME.
    An attorney at law is privileged from the service of process
    while attending upon the Supreme Court, and while going
    to the court, and returning therefrom to the county of his
    residence.

*Mandamus* by Henry Hoffman to compel Andrew C.
Maxwell, circuit judge of Bay county, to dismiss a suit
against relator for want of proper service. Submitted
May 18, 1897. Writ granted May 25, 1897.

*C. R. Brown*, for relator.

*C. L. Collins*, for respondent.

MONTGOMERY, J. Relator is an attorney at law, and
at the October term of this court appeared and argued
a cause in this court, and, while on his return to his home
at St. Ignace, was served with a summons at the suit
of John Godkin, a party to the case pending in this court.
He moved to dismiss the proceeding on the ground that
he was privileged from the service of process while at-
tending upon the court, and while going to and returning
from the court to the county of his residence. The cir-
cuit judge denied the motion, and the question is before
us for review on *mandamus.*

The only statute of this State bearing upon the subject
is section 7253, 2 How. Stat., which reads:

" All officers of the several courts of record shall be
liable to arrest, and may be held to bail, in the same man-
ner as other persons, except during the actual sitting of

any court of which they are officers, and, when sued with any other person, such officers shall be liable to arrest, and may be held to bail, as any other persons, during the sitting of the court of which they are officers; but no attorney, solicitor, or counselor shall be exempt from arrest during the sitting of the court of which he is an officer, unless he shall be employed in some cause pending and then to be heard in such court."

It is said by respondent's counsel that this statute should be held to exclude all other privilege, and that this only relates to *arrest* on civil process, and does not apply to the service of summons. We think the statute should not be so construed, but that if, at the common law, the attorney was privileged from the service of process while attending upon court, that privilege has not been removed by the statute in question.

In 2 Tayl. Ev. § 1330, the common-law rule is stated:

"In order to encourage witnesses to come forward voluntarily, they are not only protected from any action for defamation with respect to such statements as they may make in the course of the judicial proceeding, but, in common with parties, barristers, solicitors, and, in short, all persons who have that relation to a suit which calls for their attendance, they are protected from arrest upon any civil process, while going to the place of trial, while attending there for the purposes of the cause, and while returning home."

In the case of *Mitchell* v. *Huron Circuit Judge*, 53 Mich. 541, it was held by this court that, as to parties, the privilege extends to the service of summons as well as to suit commenced by arrest. It was said that "public policy, the due administration of justice, and protection to parties and witnesses alike demand it." In *Cofrode* v. *Wayne Circuit Judge*, 79 Mich. 332, 349, Mr. Justice CAMPBELL, referring to *Jacobson* v. *Wayne Circuit Judge*, 76 Mich. 234, said: "It has been settled that service cannot be made within the original county on any one who is there as a witness, or on any other legal errand which exempts him from process while away from his resi-

dence." In *Matthews* v. *Tufts*, 87 N. Y. 568, the defendant attended a meeting of creditors of a bankrupt, for the purpose of proving claims in his own behalf and in behalf of others whom he represented. The court, after reviewing the authorities, say: "The plaintiff claims that the defendant was not attending as a witness, but only as a creditor. * * * Conceding that the defendant was in attendance only as a party, and as attorney of other parties, we think he was privileged from service of process or summons while so attending." It was further said: "This immunity does not depend upon statutory provisions, but is deemed necessary to the due administration of justice." In *Central Trust Co. of New York* v. *Milwaukee St. R. Co.*, 74 Fed. 442, a subpœna was served upon a nonresident attorney while attending upon the court in another county. Upon a review of the authorities, the court held that this was a violation of privilege. In *Sherman* v. *Gundlach*, 37 Minn. 118, it was said: "The same reasons for exempting a nonresident witness from arrest exist in favor of exempting him from the service of a summons in a civil action." In *Massey* v. *Colville*, 45 N. J. Law, 119 (46 Am. Rep. 754), it was said: "The foundation of the rule is the impolicy of permitting an act which will deter suitors or witnesses from attending courts." This consideration applies with equal force to an attorney. See, also, *Gilbert* v. *Vanderpool*, 15 Johns. 242; *Van Alstyne* v. *Dearborn*, 2 Wend. 586; *Hurst's Case*, 4 Dall. 387; *Lyell* v. *Goodwin*, 4 McLean, 39.

The writ will be granted.

The other Justices concurred.