GREENLEAF v. PEOPLE'S BANK OF BUFFALO.

(Filed November 10, 1903.)

1. SERVICE OF PROCESS—*Summons—Process—Parties—The Code, secs. 641, 1367, 1735.*

An officer of a foreign corporation, while in the state attending a judicial sale to which his company is a party, is not exempt from service of summons in an action against the corporation.

2. SERVICE OF SUMMONS—*Summons—Attorney and Client—The Code, secs. 18 and 19.*

A non-resident attorney in the' state to represent his clients in a matter pending in the federal court is not privileged from service of summons.

CLARK, C. J., and DOUGLAS, J., concurring.

ACTION by H. T. Greenleaf against the People's Bank of Buffalo and Norris Morey, heard by Judge *M. H. Justice* at Spring Term, 1903, of the Superior Court of DARE County. From a judgment for the defendants the plaintiff appealed.

*E. F. Aydlett, George W. Ward* and *W. M. Bond,* for the plaintiff.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendants.

· MONTGOMERY, J.   Upon the motion to strike out the returns of the sheriff of service of process (summons) upon the defendants, The People's Bank of Buffalo and Norris Morey, the· following are substantially the facts as found by his Honor: In February, 1898, an action was begun in the United States Circuit Court for the Eastern District of North Carolina, in which the East Coast Cedar Company was plaintiff and The People's Bank of Buffalo, N. Y., American Exchange Bank of Buffalo, N. Y., William A.

Ensign and Charles A. Ensign and Henry H. Persons and John R. Hazel, receivers, were defendants. The defendant Morey was one of counsel for the defendants, and A. D. Bissell was vice-president of The People's Bank. Under a decree for the sale of the real estate described in the pleadings the sale took place at Manteo, N. C., on the 12th of November, 1902. Service of the summons in the case before us was made personally upon Bissell by the sheriff of Dare County at the sale, Bissell being present at the sale and in the State, by the advice of counsel, and for no other purpose than to attend the sale. The summons was served upon the defendant Morey in an action for debt in Wake County, N. C., on the 2d of January, 1903, at his hotel, while he was in attendance upon the United States Circuit Court for the purpose of representing his clients as their attorney in the matter of a notice made in the cause for the confirmation of a sale made by certain commissioners, and for the entry of a decree confirming the sale and directing title to be made to the purchasers in accordance with the practice of the United States Courts. Both Bissell and Morey were at the times of the service of summons residents of New York State and had been for many years just preceding the service of the summons; Bissell having been in North Carolina at that time solely for the purpose of representing The People's Bank at the sale, and the defendant Morey solely for the purpose of attending the court as attorney for his clients in the case, and especially to attend to the matters embraced in the motion.

Upon motion of counsel in the Court below, who made special appearances, his Honor struck out the returns of the sheriffs of service of process (summons) upon Bissell and Morey, and it was adjudged by the Court that the service be vacated and set aside.

As to the service made upon the defendant, The People's Bank, the question resolves itself into this form: Is service

of a summons an invalid service if made upon a managing
officer of a non-resident corporation who is in this State for
the sole purpose of attending a sale of land in which his cor-
poration is interested, and the sale being made under a judi-
cial decree of the Circuit Court of the United States in an
action in which the foreign corporation was a party? The
answer to the question depends upon whether or not the sale
was such a matter as amounted to a judicial proceeding and
rendered Bissell's presence equivalent to a constructive pres-
ence in the Court. If so, his Honor was correct in his judg-
ment vacating the service of the summons on The People's
Bank, for, in *Cooper v. Wyman*, 122 N. C., 784, 65 Am. St.
Rep., 731, this Court held that parties and witnesses who
were non-residents were exempted from the service of sum-
mons and other civil process from the time of their coming
into this State, during their stay and a reasonable time for
returning, and when they are here for no other purpose what-
ever. But we are of the opinion that the sale of the land,
although made under a judicial decree, was not such a judi-
cial proceeding as would exempt a party interested from ser-
vice of civil process. Bissell was not before the Court con-
structively; he was not attending the taking of depositions
under order of the Court, nor was he doing anything which
could alter the decree of sale or affect in any manner the
action of the commissioner who had been ordered to make the
sale. That officer was directed by the Court to do all that
was to be done on the day of sale; that is, to make the sale
and report the result back to the Court. At that time the
defendants would then have their day to make exceptions to
the report, or to take any action concerning it which they
might deem proper. We therefore think his Honor was in
error in setting aside and vacating the return of the sheriff
of Dare of the service of the summons upon The People's
Bank of Buffalo.

As to the service of the summons upon Morey, the attorney at law: The common rule on the question of service of process in civil actions upon attorneys is stated in 2 Taylor on Evidence, sec. 1330, in these words: "In order to encourage witnesses to come forward voluntarily, they are not only protected from any action for defamation with respect to such statements as they may make in the course of judicial proceeding, but, in common with parties, barristers, solicitors and, in short, all persons who have that relation to a suit which calls for their attendance, they are protected from arrest upon any civil process while going to the place of trial, while attending there for the purposes of the cause and while returning home." In 3 Blackstone's Commentaries, star page 289, the rule is laid down thus: "Also clerks, attorneys and all other persons attending the courts of justice (for attorneys, being officers of the courts, are always supposed to be there attending) are not liable to be arrested by the ordinary process of the court, but must be sued by *bill* (called usually a bill of privilege), as being presumably present in court." We have no statute law in this State affording exemption to attorneys from the service of court process upon them, and, as we have seen, there was nothing at common law which exempted an attorney from being served with process in the nature of our summons. The service of the summons upon Morey was therefore regular and should not have been vacated and set aside by his Honor.

The question does not arise in this case as to whether the common law exemption, to its full extent, of an attorney from *arrest* in a civil action prevails in this State, but we think an expression of opinion on the matter might not be out of place. The provision of The Code embraced in section 641 provides that "all such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of or repugnant to or incon-

sistent with the freedom and independence of this State and the form of government therein established and which has not been otherwise provided for, in whole or in part, not abrogated, repealed or become obsolete, are hereby declared to be in full force within this State." The matter of exemption from service of process in civil actions, as it prevailed at common law, has been the subject of revision by our statutory law, as will appear by reference to sections 1367 and 1735 of The Code. Section 1367 provides that witnesses shall be exempt from arrest in civil cases during their attendance at any court, and during the time such witnesses are going to and returning from the place of attendance; and section 1735 prohibits the sheriff or other officer from arresting under civil process any juror during his attendance on or going to and returning from any court of record. As we have said, we have no legislation on the subject of the exemption of attorneys from the service of process, but we think, under our institutions and because of obsoleteness by non-usage, the privilege ought not to be afforded to attorneys except when they are actually in attendance upon court in the due course of their employment as attorney.

In a very few States of the Union the courts have held that attorneys at law, while in attendance upon court, are exempted from the service of summons or other process not in arrest, but the reasoning upon which those decisions are based is not satisfactory to us. It must be borne in mind that the privilege of exemption from *arrest* afforded to attorneys while attending court is not so much for the benefit of the lawyers as it is for their client, and for the aid they give to the court as officers thereof in the due administration of justice.

There was error in the vacation and setting aside of the sheriff's return of the service of the summons upon Morey, the attorney.

Error.

CLARK, C. J., concurring. The defendant Morey was served with summons in this case while at a hotel in this State. He contends that because he was a lawyer, resident in another State, and was attending court in this State as counsel in a cause therein pending, the service should be struck out. The proposition is a novel one in a land where equality before the law is the ruling principle and where special privilege to any class of our citizens is not only not recognized by law but is prohibited by the Constitution. A careful examination shows no ground for the alleged exemption of lawyers from service of summons. There is no precedent in England to sustain the proposition, and none in this country save a single case, a very recent one—*Hoffman v. Circuit Judge,* 113 Mich., 109; 38 L. R. A., 663; 67 Am. St. Rep., 458—which holds that a lawyer, resident in the same State, is privileged from service of a summons while attending the Supreme Court of the State or going or returning therefrom, but none of the authorities cited in that opinion sustain its conclusion. The reason given in the opinion is that while by statute in that State the prohibition of the arrest of counsel in a civil suit is restricted to the actual sitting of a court at which he is engaged, that this does not repeal the common-law exemption of counsel from service of summons. But, on the other hand, the most eminent lawyer which that State (Michigan) has produced, *Judge Cooley,* in a note to his work on Constitutional Limitations (5th Ed.), p. 161, says: "Exemption from arrest is not violated by the service of citation or declaration in civil cases." Besides, there was at common law no exemption of lawyers from service of process other than *arrest,* and the reason for the latter was that it would be an injury to clients whose cause had been prepared for trial by such counsel to suddenly deprive them of his services, but service of a summons does not have that effect.

In *Robbins v. Lincoln*, 27 Fed. Rep., 342 (United States Circuit Court for Illinois), it is well said: "Inasmuch as resident attorneys may be served with summons while in attendance upon court, an attorney from another State has no greater privilege." This is exactly in point here. It is well known that no lawyer in this State has ever in its history been privileged, or contended even that he was privileged, from service of summons while attending court. If he were, as the Constitution, Art. IV, sec. 22, now provides that "the courts are always open," no lawyer or judge could ever be served with summons. In England, Blackstone says (3 Bl. Com., 289) that lawyers could not be *arrested* on civil process while in attendance upon court, but could be served with a bill, without arrest, which was equivalent to service of a summons. The same is stated in 8 Bacon's Abr. "Privilege" B, with the modification that if an attorney is sued with another (as in this case) "he is not privileged from arrest, even though it is during his attendance in court," the evident reason being to prevent class discrimination. The exemption of lawyers from arrest, it seems, has now been repealed in England. In this State the English privilege of exemption of lawyers from *arrest* has never been recognized. It is well known that one of the most distinguished lawyers and judges of this State, whose portrait now hangs on the walls of this chamber, was arrested and imprisoned for debt, and long prevented from attending upon court. This barbarous proceeding of imprisonment for debt, handed down from the common law, should have been repealed long before it was, but while it was in force our predecessors applied it impartially, and the bench did not hold their own members or their profession exempt. There was not at common law, and has not been in this State, any exemption of any one from service of summons, and the exemption from arrest under our statute is conferred only upon witnesses and jurors. The Code, secs.

1367 and 1735. And even witnesses and jurors are not exempted from service of summons, since such service would not deprive the court of their presence. There is no reason why lawyers should be privileged from either arrest or service of summons any more than other officers of the court, as sheriffs, clerks, criers and the like, and the legislative power has therefore seen fit to make the exemption apply only to witnesses and jurors, and, as to them, to make the exemption extend to freedom from arrest only.

As to non-residents, in *Cooper v. Wyman,* 122 N. C., 784, this Court held that non-resident witnesses and suitors coming into this State solely for the purpose of litigation were exempt from service while here for that purpose only. This was put upon the ground of necessity, because the State could not *compel* their presence, and that since no one else could fill their functions it was in the interest of justice to give them "a safe conduct." But this reasoning has not obtained in some States, notably Illinois, which holds that neither are exempt from service of summons. *Greer v. Young,* 120 Ill., 184, citing authorities. In *Nichols v. Goodheart,* 5 Ill. App., 574, it was held that a defendant involuntarily in the State, by virtue of criminal process, is not exempt from service of summons, citing *Williams v. Bacon,* 10 Wend. (N. Y.), 636. Other States hold that the rule is restricted to witnesses only. *Shearman v. Gunlatch,* 37 Minn., 118. Other States extend the exemption to parties also, since they have become competent as witnesses (*Mitchell v. Huron,* 53 Mich., 541), and our State has adopted that rule, but restricts the exemption to those two—"non-resident witnesses and parties." An exhaustive brief of all the authorities, showing that the privilege extends only to non-resident witnesses and parties, will be found in the notes (eighteen pages) to *Mullen v. Sanborn,* 25 L. R. A., 721-738. No court whatever has in any case extended the exemption to non-resident lawyers. The nearest

approach to it is *Trust Co. v. Railroad,* 74 Fed. Rep., 442, in which a subpœna served upon non-resident counsel, which prevented his returning home and attending to business he had left unprovided for, was set aside. That case is not sustained by any previous authority, and evidently rests more upon the ground stated therein, that the non-resident subpœnaed was president of a railway company, than because he was also a lawyer, but, if sound, it is very far from sustaining an alleged exemption from service of summons, which did not prevent Morey from returning home and adjusting his business, for the trial of his case is for a subsequent term.

The United States Constitution, Art. I, sec. 6, prohibits the arrest of a member of the House of Representatives or a Senator during the session, except for treason, felony and breach of the peace. There is a similar provision as to the members of the Legislature in Nebraska. The numerous and uniform authorities that such privilege from *arrest* does not exempt from service of process without arrest are collected in a very recent and able opinion (1903) in *Berlet v. Weary,* 93 N. W., 238 (Neb.) ; 60 L. R. A., 609; and in *Rhodes v. Walsh,* 55 Minn., 542; 23 L. R. A., 632; *Gentry v. Griffith,* 27 Tex., 461. For a stronger reason this is so where, as in most States as well as in this, lawyers are not exempt even from arrest. In *Lyall v. Goodwin,* 4 McLean, 29, a service of a summons from a United States Court upon a judge of the State Supreme Court, in his own court and while actually on duty, was set aside because being a supposed indignity to the court and interference with its business. Even if this can be sustained and extended to counsel, neither the dignity of the court nor the despatch of business in this case could be interfered with by the service of summons upon Morey at the hotel.

Nor, in the nature of things, is there any reason why a non-resident lawyer, coming here for a consideration in the

pursuit of his profession, should be exempt from the service
of summons any more than a non-resident physician or minis-
ter or a member of any other calling. The plaintiff sues for
services rendered to the defendants in this State at their
request. If Morey is exempt from service because here in
the exercise of his profession, a "commercial tourist" is by
the same right exempt from being served with summons in
an action for a hotel bill incurred while prosecuting *his* call-
ing. Indeed, his ground for exemption would be more plausi-
ble, for he is engaged in interstate commerce and the lawyer
is not. Service of summons upon neither will interfere with
the dignity of the courts or their despatch of business. Our
State extends no preference to non-resident lawyers over those
living here. The Code, secs. 18 and 19; *Manning v. Rail-
road,* 122 N. C., p. 828.

As far back as 1769 (10 George III, ch. 50) England
passed a statute confirming the ruling of *Sir Orlando Bridge-
man* in *Benyon v. Evelyn Tr.*, 14 Car., 2 C. B. Roll, over a
century before (1661), and cited in Knowles' case, 12 Mod.,
at p. 64 (1694), that the privilege which members of Par-
liament enjoyed of being exempt from arrest did not exempt
them from being sued or from service of ordinary process
without arrest. The privilege was deemed too invidious a
class privilege even for that age and country, and the claim
was denied by Parliament itself and the contention put at
rest. *Cassidey v. Stewart,* 2 Man. & G., 437. It is not for
an American court to reverse the process and hold that because
lawyers were formerly privileged from arrest during attend-
ance upon court, therefore they are exempt from being sued
and being served with a summons. By the census of 1900
there were 114,703 practicing lawyers in the United States,
of whom 1,263 were in North Carolina. If, during all these
years, lawyers had possessed the privilege of exemption from
the service of summons, assuredly more than one case could be

GREENLEAF v. BANK.

found to assert it. If it had been so asserted it would have been promptly repealed by statute, seeing that the Parliament in England passed an act denying a similar claim that its own members were exempt from service of summons because privileged from arrest, and that members and Senators in Congress are not privileged from service of summons, though expressly exempted from arrest on civil process by the Constitution. Even the former privilege of lawyers from arrest has been modified in some States and expressly repealed in others, and in others still, as in North Carolina, it has never been recognized or acknowledged.

Equally unfounded is the claim that service upon the other defendant, the officer of a corporation (*Jester v. Steam Packet Co.*, 131 N. C., 54), was invalid because made when he was attending a sale of land under a decree of court. Such sale may, like other acts, come before a court for review, but the sale itself is not a judicial proceeding, and no exemption from service of process extends to it. Such exemptions are restricted to non-resident witnesses and parties, and are permitted, not on their own account or for their own benefit, but for the benefit of the court in obtaining *evidence at a trial,* when the court cannot *compel* the presence of those who can testify to facts in issue in the litigation. This can have no application to the attendance of a party at a sale, under a decree in the cause, for his own convenience or benefit.

In the days of Privilege, under the rule of Ecclesiastics in England, they held their own profession exempt from the jurisdiction of the civil courts, and set apart certain places where all men were exempt from service of process under the "Privilege of Sanctuary." The last remnant of such class privileges was repealed. 21 James I. Judges have never claimed for the legal profession or the courts any similar exemption, either as to persons or places. With lawyers for judges, justice knows neither class nor caste, and admits no

special privileges, and for its administration "every place is a temple and all seasons summer."

The judgment setting aside the service of summons must be Reversed.

DOUGLAS, J., concurs in the above concurring opinion.