## READ v. NEFF et al.

(District Court, S. D. Iowa, S. D.   June 19, 1913.)

No. 26M.

1. PROCESS (§ 119*)—PRIVILEGE—PARTIES IN ATTENDANCE ON COURT.

Where the plaintiff, in an action pending in the United States Court for the district in which the defendant resided, was a nonresident of the state, he was privileged from being sued in such court while attending the trial of such action for the purpose of conferring with his lawyer, performing such duties as a litigant usually performs at a trial, and testifying in that and other similar cases.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 148, 149; Dec. Dig. § 119.*]

2. ATTORNEY AND CLIENT (§ 16*) — PRIVILEGE — PROCESS — ATTENDANCE AT COURT.

Where a nonresident plaintiff, in an action pending in the United States Court, employed an attorney residing in another state, such attorney, while in attendance at the trial of such action, was privileged from being sued in such court.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 23, 24; Dec. Dig. § 16.*]

3. ATTORNEY AND CLIENT (§ 16*)—PRIVILEGE—PROCESS—TERMINATION.

The privilege of a nonresident attorney from being sued in the United States Court while attending the trial of an action therein in which he was attorney did not cease upon the submission of the case to the jury, where he remained in the hope that the verdict would be announced before his departure, though he finally left before the return of the verdict.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 23, 24; Dec. Dig. § 16.*]

Action by Elbert A. Read against F. T. Neff and another. On motion by defendants to vacate the summons and the officer's return and to dismiss the case. Motion sustained, service vacated, and case dismissed.

Earl R. Ferguson, of Shenandoah, Iowa, for plaintiff.

D. W. Higbee, of Creston, Iowa, for defendants.

SMITH McPHERSON, District Judge. [1, 2] This and two cases similar in principle are pending upon motion of both defendants to vacate the summons herein and the return of the officer making return of the summons and to dismiss the case. The motion is based upon the proposition that each of the defendants was privileged from being sued in this court at the time this action was brought.

At the recent term of this court the said F. T. Neff had pending in this court at Creston, Iowa, an action against the said Elbert A. Read and two others for damages growing out of an alleged fraudulent transaction involving corporate property at both Shenandoah, Iowa, and near Ottawa, Ill. Mr. Neff came to Creston, Iowa, to be present at the trial of this case to the end that he could have conferences with his lawyer and perform such duties as a litigant usually performs at

a trial. He also was a witness in this and the other two cases of like nature. He now resides and for many years has resided in Illinois.

The defendant Strawn is a member of the bar of many years' experience and one of prominence. He is engaged in the general practice of law in Illinois and likewise is holding the office of Assistant Attorney General of that state. He was employed by Mr. Neff as his senior counsel. Mr. Neff employed Mr. Higbee, of Creston, Iowa, as his junior counsel.

[3] Mr. Neff and Mr. Strawn came from Illinois to Creston, Iowa, solely for the purpose of attending to such litigation, arriving at Creston the evening before the trial commenced, and departed for their homes in Illinois the morning following the conclusion of the trial, but departing before the jury had been able to reach a verdict. They could have left Creston, Iowa, for their homes in Illinois the evening before after the jury had retired, but they elected to wait over hoping that the verdict would be announced before their departure. But, finding that the jury was not able to reach an early conclusion, they concluded to await no longer. The jury retired to consider its verdict at about 9 o'clock in the evening. At a later hour that evening the petition in this case was filed, the summons issued, and service thereon made on Mr. Neff and Mr. Strawn at the law office of Mr. Higbee. On these facts each defendant insists that he was privileged from being sued. I am of the opinion that each defendant is correct in his contention. This conclusion is in harmony with both reason and the authorities.

It is true that Mr. Neff voluntarily came into the state of Iowa, but he could not have brought his action in the courts elsewhere than in Iowa because Mr. Read resided in Iowa within this district and division. Mr. Neff must either have gone into the state courts of the county where Mr. Read resided and against whom he contended he had a cause of action or have come into this court to insist upon his alleged cause of action. So that he was compelled in any event to come to the state of Iowa to look after his litigation and testify as a witness or else abandon his claim. He elected, as he had a right to do, to bring his case in this court, and the contention that he must either abandon his claim and not present it to the court and not testify as a witness, or to not submit himself to litigation, is not at all persuasive to this court. This court is open to all litigants who can make averment of jurisdictional facts. He had the perfect right to come to this court and look after his case, aid in the management thereof, and give his testimony. This is not denied. But it is contended that, if he did elect to come, he must come with a club over his head, terrorizing both him and all other litigants of like position. This is unsound and utterly at variance with the undoubted right of all such litigants to personally present their case, either alone or with the aid of lawyers. And, if litigants coming from another state come at the peril of being sued, many would not come. And this is true whether such litigant is to be sued on a just cause of action or is to be sued in vexatious litigation without merit.

It is said that this litigation grows out of and is connected with

the alleged cause of action presented by Mr. Neff. If this is true, the inquiry suggests itself that a counterclaim could have been presented and one trial would have concluded the differences between the parties.

Every litigant has the undoubted right to select from the entire bar any lawyer deemed by him best to select. It is true that Mr. Strawn was an Illinois lawyer. It may be true that Mr. Neff could have gotten an Iowa lawyer who could have presented his case just as well. But Mr. Neff desired the services of Mr. Strawn and such selection was the concern of no other person. There is a spirit of comity between all courts, national and state, by reason of which any court allows, on motion, an attorney from another jurisdiction to appear in a particular case. And it is not within the spirit of fair dealing and such comity for this court to hold that, if a lawyer from another state comes into this court, he does so at the peril of being sued. The contention that Mr. Strawn should have left on the first train that left Creston after the jury had been charged need only be stated as a refutation of such a statement. Ordinarily it is the duty of a lawyer to be in attendance when a verdict is returned and judgment thereon rendered. Mr. Strawn elected to attend to his duty, but finally concluded to await no longer and left the matter in the hands of his associate, Mr. Higbee.

There were five cases tried at one and the same time to the jury; they being consolidated for trial purposes. One of the cases was by a trustee in bankruptcy, an officer of a United States court for the Northern District of Illinois. Mr. Strawn was attorney also for that trustee. Mr. Neff was also a witness for that trustee. It is true that the trustee has not been sued in this court, but his lawyer has been, and his witness has been, and the bringing of such action is tolerably close to the line of being in contempt, because it is the duty of this court to protect such trustee and his witness and his lawyer while so presenting their litigation. The lawyer and witness are entitled to the protection of this court. There is a holding otherwise in Blight v. Fisher, Pet. C. C. 41, Fed. Cas. No. 1,542. But that was overruled by Judge Kane with the concurrence of Chief Justice Taney and Justice Greer in Parker v. Hotchkiss, Fed. Cas. No. 10,739. Central Trust Company v. Milwaukee (C. C.) 74 Fed. 442; Hoffman v. Bay, 113 Mich. 109, 71 N. W. 480, 38 L. R. A. 663, 67 Am. St. Rep. 458, with cases cited to illustrate the point involved. And see Murray v. Wilcox, 122 Iowa, 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263.

There are cases which hold that a party is not immune when at court in another county of the state of his residence. But that is a proposition differing from the one now before the court. And that there are cases adversely holding to that which this court holds is also true. Mullen v. Sanborn, 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421; Guynn v. McDaneld, 4 Idaho, 605, 43 Pac. 74, 95 Am. St. Rep. 158; Baldwin v. Emerson, 16 R. I. 304, 15 Atl. 83, 27 Am. St. Rep. 741; Iron Dyke Copper Co. v. Iron Co. (C. C.) 132 Fed. 208; Robbins v. Lincoln (C. C.) 27 Fed. 342; Greenleaf v. Peo-

ple's Bank, 133 N. C. 292, 45 S. E. 638, 63 L. R. A. 499, 98 Am. St. Rep. 709. Some of these cases are but inferentially in point. Those that are in point are not persuasive.

The correct rule is as stated by Judge Ladd in the case of Murray v. Wilcox, 122 Iowa, 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263, where he said:

"The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized."

And defendant Neff was such a witness. And as I think the equality before the law, as relied on in some of the opposite holding opinions, requires a holding that all persons are equal before the law. And such equality should allow *all* persons to have the lawyer of his choice, wheresoever residing, to sue in any court, national or state, of any state or district in which the defendant resides. And such rights of equality are not naked or barren rights, but rights which should be followed by his protection while going to, while attending, and returning from such court. The circumscribed state-line argument, across which it is perilous to go, is too nearly obsolete to be longer persuasive.

The motion will be sustained, the service of the summons vacated, and the cases dismissed.