CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY,
APPELLEE, V. TOM DAVIS ET AL., APPELLANTS.

FILED FEBRUARY 26, 1924.   No. 22626.

1. **Attorney and Client:** PROCESS: PRIVILEGE. A nonresident attorney who comes into the state for the purpose of taking depositions to be used in the trial of an action pending in another state is not privileged from service of civil process in this state.

2. **Champerty:** STATUTES: CONSTITUTIONALITY. Sections 9737 and 9738, Comp. St. 1922, prohibiting the soliciting of certain classes of claims for the purpose of instituting suits thereon outside of the state, and providing a penalty therefor, are regulatory measures, and, as such, do not infringe the rights of an individual under the Constitution of the United States or of this state.

3. **Injunction.** An injunction may issue in a proper case even though the effect be to restrain the commission of a crime, when the doing of the criminal act will produce irreparable injury to civil rights.

4. ———. Under the facts disclosed by the record, *held* to present a proper case for equitable relief.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*C. L. Clark, Tom Davis, Ernest A. Michel* and *Benjamin F. Baker,* for appellants.

*Byron Clark, Jesse L. Root, Reavis & Beghtol, J. W. Weingarten* and *C. W. Krohl, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., REDICK, District Judge.

DAY, J.

This action was brought by plaintiff railroad company against Tom Davis, A. E. Roe, Ed F. Murphy, Ernest A. Michel, and Davis & Michel, a copartnership, to restrain the defendants and each of them from violating section 9737, Comp. St. 1922, commonly known as the anti-ambulance chasing statute. Personal service of summons was had on defendants Davis, Roe and Murphy. The other defend-

ants were not served with process. Defendants Davis and
Roe, each in his own behalf, filed a special appearance ob-
jecting to the jurisdiction of the court over his person,
upon the ground that at the time of the service of summons
they were each privileged from service of civil process. The
special appearances were overruled. Defendants Davis,
Roe and Murphy failed to answer, and default for want of
answer was entered against them. Thereupon judg-
ment was entered in favor of the plaintiff granting
to it the relief prayed. Defendants Davis and Roe
have appealed. The joint brief of the appellants is
divided under two heads—one devoted to the ques-
tion of privilege, and the other to the merits of the
petition and the decree.

The claim of privilege from service of civil process, in
so far as Davis is concerned, is based on the following
facts: On and prior to September 8, 1921, an action was
pending in the district court for Douglas county, Minnesota,
entitled John O'Halloran v. Chicago, Burlington & Quincy
Railroad Company, in which the law firm of Davis & Michel
of Minneapolis, Minnesota, were attorneys for the plaintiff.
In preparation for the trial of that case, plaintiff's coun-
sel deemed it advisable to take the depositions of certain
persons residing at or near the city of York, Nebraska,
and accordingly served notice on the defendant in that
case, the plaintiff in this action, that the depositions would
be taken at York, Nebraska, at a time and place men-
tioned in the notice. As Davis, accompanied by Roe, were
en route to York to take the depositions, they stepped off
the train at Lincoln, Nebraska, and while on the depot
platform were each served with summons in this action.
The question is thus squarely presented, in so far as relates
to Davis, whether a nonresident attorney, while in the
state for the purpose of taking depositions to be used in an
action pending in another state, is privileged from service
of civil process in an action pending in this state.

The rule exempting nonresident parties and witnesses
from service of process while attending a trial in a state

other than their residence is well-nigh universal. Should this rule be extended to include nonresident attorneys who are in the state under circumstances such as are disclosed by the record? We think not.

In *Nelson v. McNulty,* 135 Minn. 317, the facts involved were practically the same as in the case at bar. In that case an attorney from South Dakota went into the state of Minnesota for the purpose of taking depositions for use in the trial of a case pending in South Dakota. After arriving in Minneapolis and going to the place where the depositions were to have been taken, a stipulation as to the facts in the case was entered into between the attorneys for the respective parties, which obviated the necessity of taking the depositions. About an hour later the attorney from South Dakota was served with civil process in an action pending in Minnesota. He sought to vacate the service of process upon himself on the ground of privilege. The supreme court of that state held, however, that under the facts presented he was not privileged from the service of process in a civil action, issued out of the courts of that state.

The case of *Berlet v. Weary,* 67 Neb. 75, involved a somewhat analogous principle. In that case B., who was a member of the legislature, was served with civil process while at the seat of government. He filed objections to the jurisdiction and a motion to quash the service, alleging that he was a member of the Nebraska state senate, and that he was in Lancaster county on the day of the service of the process for the sole purpose of attending the legislative session, which convened the day following the date of the service of summons. This court in a well-considered opinion reviewed the authorities, and came to the conclusion that the law of this state makes no distinction as to the service of summons between members of the legislature and other persons, and that a member of the legislature in a proper case may be served with summons while at the seat of government for the purpose of attending the legislative session.

Other cases supporting the view that a nonresident attorney is not exempt from civil process are: *Greenleaf v. Peoples Bank,* 133 N. Car. 292, 63 L. R. A. 499; *Paul v. Stuckey,* 126 Ark. 389, L. R. A. 1917B, 888.

A number of cases are found supporting a contrary view, among them *Read v. Neff,* 207 Fed. 890; *Central Trust Co. v. Milwaukee Street R. Co.,* 74 Fed. 442.

We think the better reason supports the rule that a nonresident attorney who comes into the state for the purpose of taking depositions to be used in the trial of an action pending in another state is not privileged from service of civil process in this state.

So far as concerns defendant Roe, it is not claimed that he was an attorney in the case. He was in the employ of Davis, and accompanied the latter for the purpose of assistance. Under any view which might be taken on the question of privilege, so far as it applied to attorneys, it could not be extended to include Roe.

We come now to a consideration of the merits of the petition and the decree. Defendants urge that the facts alleged in the petition are not sufficient to entitle the plaintiff to the remedy of injunction. The arguments advanced in support of this contention are that section 9737, Comp. St. 1922, upon which the action is founded, is contrary to the Constitution and laws of the United States, and, further, that the remedy for violating the provisions of the statute is a criminal prosecution, as provided in the act, and not by injunction. In apt language the petition charges the defendants with doing acts with the state which are in direct contravention of the provisions of our statute. The act provides:

"That it shall be unlawful for any person, with the intent or for the purpose of instituting a suit thereon outside of the state, to seek or solicit the business of collecting any claim for damages for personal injury sustained within this state, or from death resulting therefrom, or in any way to promote the prosecution of a suit brought outside of this state for such damages, or to do any act or thing in

Chicago, B. & Q. R. Co. v. Davis.

furtherance thereof, in cases where such right of action rests in a resident of this state, or his legal representative, and is against a person, copartnership or corporation subject to personal service within this state."

A penalty of a fine or jail sentence is provided for violating any of the provisions of the act.

The statute in question was the outgrowth of certain conditions which existed in the state. It was a matter of common knowledge that a few attorneys outside of the state, through themselves and agents, were engaged in the practice of soliciting claims for settlement or suit in personal injury actions, and also in cases where the injury resulted in death, with the avowed purpose of bringing actions thereon in some foreign jurisdiction, notwithstanding the fact that both of the parties to the controversy resided in the state. A condition existed where agents of these attorneys were traveling in the state soliciting employment for nonresident attorneys, haunting the homes of the injured and bringing great discredit to the legitimate practice of the law. It was to curtail this species of "ambulance chasing" which prompted the legislature to enact the statutes in question. While the statute is in general terms and applies to "any person" engaged in these practices, it was chiefly aimed against the attorneys. It will be observed that there is nothing in the statute which in any wise attempts to abridge the right of a party entitled to bring an action, to bring it in any jurisdiction he may choose. So far as his rights are concerned, they are not affected at all by the terms of the act. The act was intended as a regulatory measure to curtail the conduct of a class of attorneys who were guilty of infractions of long-established ethical precepts of the profession. As a regulatory measure we think the legislature was well within its power in enacting the statute in question.

In *McCloskey v. Tobin*, 252 U. S. 107, it was held: "The rights under the Fourteenth Amendment of a layman engaged in the business of collecting and adjusting claims are not infringed by a state law prohibiting the solicitation

of such employment." In considering the power of the legislature to prohibit "any person" who "shall seek to obtain employment in any claim, * * * by means of personal solicitation," the court said: "To prohibit solicitation is to regulate the business, not to prohibit it. * * * The evil against which the regulation is directed is one from which the English law has long sought to protect the community through proceedings for barratry and champerty. * * * Regulation which aims to bring the conduct of the business into harmony with ethical practice of the legal profession, to which it is necessarily related, is obviously reasonable."

The defendants place great reliance in support of their position upon a recent decision of the circuit court of appeals, Eighth circuit, in *Chicago, M. & St. P. R. Co. v. Schendel*, 292 Fed. 326. In that case the court was dealing with a statute of the state of Iowa, identical in terms with ours, but which had been held by the Iowa supreme court to be broad enough to base an injunction, prohibiting a party to an action from bringing his suit in any other jurisdiction than the state of Iowa. The circuit court held that a statute of a state which prohibits a citizen of the state from bringing an action in a federal court of a district in which the defendant is doing business is unconstitutional, as invading the right of the party entitled to bring the action, as prescribed by the federal employers' liability act. We do not consider this authority against our position. Our statute, as we construe it, places no restriction whatever upon the action of the party entitled to bring the suit.

Appellants also urge that there is no allegation of the petition which calls for a remedy by injunction. The argument seems to be that, if appellants' conduct has violated the statute, the remedy is by punishment as provided by statute. The case of *Wabash R. Co. v. Peterson*, 187 Ia. 1331, is authority for jurisdiction by a court of equity in cases of this character. The general rule is that an injunction will not issue for the purpose of preventing the commission of a crime; but, when the act sought to be en-

joined will result in private damage to either person or property, the case comes within the principle governing actions to enjoin a nuisance when the plaintiff suffers special or peculiar damages differing from those suffered by the public.

In *Wabash R. Co. v. Peterson, supra,* the court had under consideration a statute in identical terms with our own. In that case, as in this, it was contended that the plaintiff had no standing to invoke the remedy of injunction. The court held, however: "An injunction may issue even though it restrains the commission of a criminal act, if so to restrain such act will prevent irreparable injury to civil rights which will be caused by the doing of the criminal act." (175 N. W. 523.)

The conduct of the defendants, if persisted in, would entail upon the plaintiff financial loss, by way of expenses in defending itself in a foreign jurisdiction. We are satisfied with the reasoning of the Iowa court upon this point.

It is next urged by the defendants that the terms of the decree are beyond the power of the court, and invade the clear rights of the defendants. Holding, as we do, that the language used in the statute is within the power of the legislature, it was within the power of the court in granting the injunction to prohibit acts forbidden by the statute, and in doing this it was proper for the court to use the language of the statute. It was also proper to enjoin specific acts referred to in the statute as rendering intelligible the particular conduct which the court considered within the meaning of the prohibition. The statute prohibits the soliciting of claims of the class enumerated with the intention of bringing suit thereon in a foreign jurisdiction. The clause in the statute, "or in any way to promote the prosecution of a suit brought outside of this state, * * * or do any act or thing in furtherance thereof," must be construed as referring to suits which have been unlawfully solicited. No one would contend that, if a party to the action had of his own initiative brought a suit in a foreign jurisdiction, an attorney or any other person would be pro-

hibited from rendering assistance in the prosecution of such action. The decree, when construed in this light, is, we think, within the power of the court. It may be possible that there are some expressions in the decree which go too far, but these can be determined in a proper action if occasion should require. Considering that the decree was intended to enjoin the commission of acts prohibited by the statute, and that the acts enjoined refer to cases which have been solicited, we are of the view that the decree is a proper exercise of the power of the court.

The judgment of the trial court is

AFFIRMED.