HARVEY, Appellant, vs. HARVEY and others, Respondents. [Five actions.]

*May 3—June 4, 1929.*

For the appellants there was a brief by *Corrigan & Wright* of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

For the respondents there was a brief by *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *Joseph A. Barly,* of counsel, all of Milwaukee, and oral argument by *Mr. Barly.*

CROWNHART, J. There was an action commenced in the circuit court for Milwaukee county, and on a pending motion in said action the parties defendant here, who resided in Ohio, had come to Milwaukee to attend court on such motion, prepared to testify as witnesses, if required. They

came on request of a party to such action, for that purpose. They were served with summonses while so in attendance. On motion, the circuit court in which the summonses were entitled set aside the service on the ground of exemption of the parties from service while so in attendance.

It is a well settled rule of public policy that witnesses or parties from a foreign state shall not be subject to service of process upon them while in attendance on a court in another state subjecting them to liability in such state. See note in 25 L. R. A. 721, where many authorities are collated.

The appellants contend that this rule is limited in this state to such witnesses and parties as are *necessarily* in attendance, citing *Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001. We do not think the court intended any such limitation in that case, but stated the rule as applied to the facts there presented. The court there gave the reason of the rule, as follows:

"The exemption is primarily for the protection of the due administration of justice; so that suitors and witnesses can freely attend court without the penalty of thereby incurring any liability which would otherwise not have been incurred. The fact that it may also benefit the suitor or witness is a mere incident of its main purpose."

In the case of a witness going to a foreign state to testify, he frequently would have no interest in the case but would go voluntarily in the interest of justice. Witnesses are to be encouraged to so attend court without fear of subjecting themselves to process while so in attendance in such foreign state. Such witnesses should not be required to determine at their peril whether or not their attendance is actually necessary. It is enough that the witness acts in good faith in attending upon the court for the purpose of giving testimony as required.

*By the Court.*—The orders of the circuit court are affirmed.