## DURST v. TAUTGES, WILDER & McDONALD.

### No. 4295.

Circuit Court of Appeals, Seventh Circuit.

Nov. 10, 1930.

508

O. L. O'Boyle, of Milwaukee, Wis., Arlo A. McKinnon, of Antigo, Wis., and Charles J. Kersten, of Milwaukee, Wis., for appellant.

Michael Levin, of Milwaukee, Wis., for appellee.

Before ALSCHULER, SPARKS, and PAGE, Circuit Judges.

SPARKS, Circuit Judge.

Appellee is a firm of lawyers, resident in Minnesota. Robert McDonald of said firm came into Wisconsin on the 17th day of September, 1928, for the sole purpose of taking, on September 18, 19, and 20, depositions of witnesses residing in Wisconsin to be used in three actions pending in the courts of Minnesota, in which actions members of appellee were the attorneys of record. On the day he arrived McDonald and the witnesses whose depositions he had come to take were served, as defendants, with summons, complaint, and injunctional order in three separate actions commenced that day in the circuit court of Milwaukee county, Wis., which injunctional order restrained McDonald and his codefendants from taking the above-mentioned depositions. The defendants in the cases referred to were also served with an order, returnable in five days from September 17, 1928, requiring said defendants to show cause why the injunction should not be made permanent. The said Robert McDonald was a material and necessary witness in the final hearing on the injunction, which was set for September 22, 1928, and he was also acting as attorney for all the defendants in the three cases commenced in the circuit court of Milwaukee county.

On September 18, 1928, in Milwaukee, Wis., personal service of the summons in the instant action was obtained upon said Robert McDonald. Appellant, who was plaintiff below, was a resident of Wisconsin, and the summons in the action was issued out of the circuit court of Milwaukee county, Wis. The defendants were named in the summons as "Tautges, Wilder & McDonald, a copartnership, defendants." The summons having been served upon McDonald personally, the defendants Tautges, Wilder, and McDonald appeared specially by their attorney, the said Robert McDonald, before the circuit court of Milwaukee county and objected to the jurisdiction of that court and moved that the service of the summons be vacated, which motion was overruled; and thereupon appellant filed his complaint in the circuit court of Milwaukee county, on January 16, 1929. On January 31, 1929, upon appellee's petition, the cause was removed to the District Court of the United States for the Eastern District of Wisconsin, on the ground of diversity of citizenship. On September 17, 1929, appellee again appeared specially and objected to the jurisdiction of the District Court over appellee, and moved that the service of the summons be vacated. Following a hearing the District Court sustained the motion, and an order was entered vacating the service of the summons.

The appeal presents but one main question: Was the service of the summons upon Robert McDonald in the case at bar valid as a matter of law? The contested issues which determine the answer to this question are: First, was Robert McDonald immune from the service of the summons? Second, did the manner in which the defendants were named in the summons invalidate the service?

From the very earliest times the rule of law has prevailed, at least in all English-speaking jurisdictions, that a suitor or witness is exempt from service of process while without the jurisdiction of his residence for the purpose of attending court in an action to which he is a party, or in which he is to be sworn as a witness. It has always been held to extend to every proceeding of a judicial nature taken in or emanating from a duly constituted tribunal which directly relates to the trial of the issues involved. It is not simply a personal privilege, but it is also

the privilege of the court, and is deemed necessary for the maintenance of its authority and in order to promote the due and efficient administration of justice. Person v. Grier, 66 N. Y. 124, 23 Am. Rep. 35; Matthews v. Tufts, 87 N. Y. 568; Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770; Harvey v. Harvey, 199 Wis. 212, 225 N. W. 703; Rix v. Sprague C. M. Co., 157 Wis. 572, 147 N. W. 1001, 52 L. R. A. (N. S.) 583; Moletor v. Sinnen, 76 Wis. 308, 44 N. W. 1099, 7 L. R. A. 817, 20 Am. St. Rep. 71; Jacobson v. Hosmer, 76 Mich. 234, 42 N. W. 1110; Small v. Montgomery (C. C.) 23 F. 707; Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192.

In some jurisdictions the tendency has been to enlarge rather than to diminish the privilege, so as to afford protection to parties and witnesses from all forms of civil process during their attendance at court, and for a reasonable time in going and returning. Larned v. Griffin (C. C.) 12 F. 590. Hearings before arbitrators, legislative committees, commissioners in bankruptcy, and examiners and commissioners to take depositions have all been declared to be embraced within the scope of its application. Sanford v. Chase, 3 Cow. (N. Y.) 381; Matthews v. Tufts, 87 N. Y. 568; Hollender v. Hall (Sup.) 13 N. Y. S. 758; Id., 58 Hun, 604, 11 N. Y. S. 521; Thorp v. Adams, 58 Hun, 603, 11 N. Y. S. 479; Bridges v. Sheldon (C. C.) 7 F. 17; Plimpton v. Winslow (C. C.) 9 F. 365; Larned v. Griffin (C. C.) 12 F. 590.

█ It has also been held that this privilege of exemption applies to nonresident attorneys as well as to nonresident witnesses and parties. Read v. Neff (D. C.) 207 F. 890; Central Trust Co. v. Milwaukee St. Ry. Co. (C. C.) 74 F. 442; Hoffman v. Bay Circuit Judge, 113 Mich. 109, 71 N. W. 480, 38 L. R. A. 663, 67 Am. St. Rep. 458; Williams v. Hatcher, 95 S. C. 49, 78 S. E. 615. The opinion in the case of Central Trust Co. v. Milwaukee St. Ry. Co., supra, was written by District Judge Seaman, who later occupied this bench, and the reasoning in that opinion is quite logical and cogent.

It has also been held that there can be no distinction between proceedings pending in the local courts, and proceedings had in the local jurisdiction in aid of judicial proceedings pending in another state of the Union. Bridges v. Sheldon (C. C.) 7 F. 17; Plimpton v. Winslow (C. C.) 9 F. 365; Larned v. Griffin (C. C.) 12 F. 590; Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770.

Some courts, however, have manifested intent to restrict this privilege of exemption, and it is upon these cases that appellant relies to secure a reversal of this case. Typical of these rulings are the cases of Robbins v. Lincoln (C. C.) 27 F. 342; Nelson v. McNulty, 135 Minn. 317, 160 N. W. 795, L. R. A. 1917C, 431; Chicago, B. & Q. Ry. Co. v. Davis, 111 Neb. 737, 197 N. W. 599; Greenleaf v. People's Bank, 133 N. C. 292, 45 S. E. 638, 63 L. R. A. 499, 98 Am. St. Rep. 709; Kutner v. Hodnett, 59 Misc. Rep. 21, 109 N. Y. S. 1068. In the last-named case the court says that it finds no case where the immunity is extended to nonresident attorneys. The reason for this statement is that the search was not sufficiently extensive. In Robbins v. Lincoln, supra, the court held that under the Illinois statute (Cahill's Rev. St. 1929), c. 13, par. 9, a nonresident attorney has no greater privilege than a resident attorney, and that each may be served with summons in a civil action while in attendance upon the courts in Illinois. The statute referred to provides:

"All attorneys and counselors at law, judges, clerks and sheriffs, and all other officers of the several courts within this State, shall be liable to be arrested and held to bail, and shall be subject to the same legal process, and may in all respects be prosecuted and proceeded against in the same courts and in the same manner as other persons are, any law, usage or custom to the contrary notwithstanding: Provided, nevertheless, said judges, counselors or attorneys, clerks, sheriffs and other officers of said courts, shall be privileged from arrest while attending courts, and whilst going to and returning from court."

We think this opinion overlooks the reason of this enactment. Under the common law "clerks, attorneys, and all other persons attending the courts of justice (for attorneys, being officers of the courts, are always supposed to be there attending), are not liable to be arrested by the ordinary process of the court, but must be sued by bill (called usually a bill of privilege) as being personally present in court." Blackstone's Commentaries, 2 Cooley's 2d Ed. 288.

█ Much of the common law was accepted and adopted by our national and state governments at the time of their organization, and in doing so we accepted and adopted the legal fictions connected therewith. With the passing of years many of these fictions proved

to be cumbersome and unnecessary, and in many instances positively harmful in their effect, and many of them have been abrogated by legislative enactment. Perhaps we all can agree that there never was a sound reason for the legal fiction that an attorney is always in attendance at court, hence never subject to arrest without a bill of privilege issued by the court; but this was the theory of the common law which Illinois adopted, and it prevailed in that jurisdiction until the enactment referred to in Robbins v. Lincoln, supra. We are convinced that the sole reason for the enactment was a desire on the part of the Legislature to rid the state of that legal fiction and its consequences. It cannot be logically said, however, that there was also an intention on the part of the Legislature to abrogate the common-law rule that a suitor, and witnesses, and attorneys are exempt from service of process while without the jurisdiction of their residence for the purpose of attending court in an action in which they are, or are to be, active participants. The two rules are radically different, and the latter is not based on the fiction of omnipresence. The statute under discussion recognizes the difference. It provides that the officers of the several courts of record shall be liable to arrest and may be held to bail and subject to the same legal process in the same manner as other persons; nevertheless they shall be privileged from arrest while they are attending court, and while going to and returning from court. It must be concluded that if the attorney is employed in some case pending and then to be heard, he is exempt from arrest; and this very fact, in principle, recognizes the necessity of the rule which exempts the nonresident from service of process. If the word "arrest" refers to arrest on a criminal warrant—and we are convinced it does—the statute can have no bearing on the instant case; but the court in Robbins v. Lincoln, supra, holds that the word "arrest" is used in a broader sense and includes the service of a summons and all other judicial process. If this be the proper construction, it necessarily follows that if the attorney is employed in some case pending and then to be heard, he is exempt from the service of summons or any kind of judicial process, and the opinion thus supports the rule for which appellee contends.

It will be observed, however, that the Illinois statute does not mention nonresident attorneys, but the opinion construes it in such manner as to include nonresidents, on the theory that it would be manifestly unfair not to put both resident and nonresident attorneys on the same basis.

The case of Nelson v. McNulty, supra, presents facts quite similar to those in the case at bar, and holds that nonresident attorneys are not exempt from process on the facts there presented. The case of Chicago, B. & Q. Ry. Co. v. Davis, supra, is decided upon the authority of Nelson v. McNulty and supports appellant's contention. He is likewise supported by Greenleaf v. People's Bank, supra.

Some cases cited by appellee have restricted the exception to parties defendant, others to witnesses; and it is doubtful if any two of the jurisdictions which have departed from the common law rule now have the same rule. Without setting forth the facts of these decisions, it is sufficient to say that we are unwilling to adopt either their reasoning or their conclusions. We prefer rather to adhere to what we regard as the better reasoning and conclusions, as set forth in the cases referred to in the first part of this opinion and which are supported by the weight of authority. 6 Corpus Juris 617, par. 10.

In the foregoing discussion we have had in mind more particularly the relation of McDonald as a nonresident attorney and his exemption from service of process while engaged in taking depositions. Upon his arrival on September 17, and before taking the depositions, he and the witnesses whose depositions were to be taken were served with summons, complaint, and injunctional order. They were thereby temporarily restrained from proceeding with the depositions until final hearing, which was set for September 22. McDonald thereby assumed the additional relationships of nonresident party, witness, and attorney in local suits which were to be heard within five days, thus bringing him squarely within the rule of exemption which is almost universally recognized.

Appellant insists, however, that McDonald did not enter Wisconsin with the intention of defending or testifying in these suits, and that this was not his primary reason in being there at the time appellant filed suit on September 18. Whatever may have been McDonald's purpose in entering the state, his main purpose, after service of the writs, was to discharge the injunction. If he had gone to Minneapolis on the evening of September 17, and had returned to Milwaukee on September 18 for the purpose of preparing his defense, his right of exemption from appellant's summons could not be questioned. In-

stead of doing this he stayed in Milwaukee until the final hearing on September 22. During this time he was engaged in preparing his defense. He also appeared on September 18, 19, and 20 before the notary before whom the depositions were to have been taken, and prepared statements showing reasons for continuances. We think five days was not an unreasonable length of time to devote to these matters, considering the fact that it would have taken two days or two nights to go to Minneapolis and return.

Under the circumstances, we are convinced that McDonald was entitled to exemption from the service of appellant's summons on account of his relationship as nonresident attorney in the matter of taking the depositions, and also by virtue of being a nonresident party, witness, and attorney in the three suits filed against him previous to the filing of appellant's suit.

It is not necessary to pass upon the validity of the service upon the appellee partnership.

Judgment affirmed.