DANIEL S. PEARSON, Judge.
The appellant, a member of the bar of the State of Florida, was served with process in this Dade County marriage-dissolution action in the hallway of the Broward County Courthouse. Service was effected upon him shortly after he emerged from the judge’s chambers where he had reviewed a pre-sentence investigation report on his client and shortly before he entered the courtroom where he was scheduled to represent the client in the death penalty phase of a murder prosecution. The appellant moved to quash service of process on the ground that he was immune from service of process while in attendance at the courthouse in connection with the conduct of the criminal action against his client. This appeal is taken from the trial court’s denial of the motion to quash.
The appellant argues that the rule at common law was that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service in another; that this rule has not been abrogated or modified by the legislature of this state; and that by virtue of Section 2.01, Florida Statutes (1981), declaring the common law to be of force in this state, the rule applies here.
The defect in the appellant’s argument lies not in misstatement, but in overstatement. The rule upon which he relies is “founded in the necessities of the judicial administration which would often be embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify,” Stewart v. Ramsay, 242 U.S. 128, 130, 37 S.Ct. 44, 61 L.Ed. 192 (1916), and is intended to accommodate the court, not the individual, Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932); Central Trust Co. of New York v. Milwaukee Street Ry. Co., 74 F. 442, 443 (E.D.Wis.1896). The privilege will not be enlarged beyond the reason upon which it is founded, Lamb v. Schmitt, supra, and since it inures to the benefit of the court, not the party served with process, it will be applied by the court to accomplish the court’s purpose. In re Fish & Neave, 519 F.2d 116 (8th Cir.1975).
Thus it is that the rule has at most afforded immunity to a witness, suitor or attorney only in instances where the process *1101 issues from a state or county foreign to the residence of the person served.[1]
“The true rule, well founded in reason and sustained by the greater weight of authority is that suitors, as well as witnesses, coining from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going.” Stewart v. Ramsay, 242 U.S. at 129, 37 S.Ct. at 47, 61 L.Ed. at 197 (emphasis supplied).
There simply is no reason to conclude that the appellant would be deterred from attending a court proceeding in Broward County or, for that matter, in any county in this state out of concern that while there he would be served with legal process emanating out of the very county in which he resides. That being so, the court’s purpose is adequately served without extending the rule to cover the appellant.
Affirmed.

. To date Florida courts have not addressed the immunity claim of an attorney. They have, however, applied the rule to nonresident suitors and witnesses. Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937); Crane v. Hayes, 253 So.2d 435 (Fla.1971); State ex rel. Cox v. Adams, 148 Fla. 426, 4 So.2d 457 (1941); Mullins v. Marks, 353 So.2d 942 (Fla. 3d DCA 1978); Murphy & Jordan, Inc. v. Insurance Co. of North America, 278 So.2d 296 (Fla. 3d DCA 1973); Bruner v. Robins, 191 So.2d 567 (Fla. 3d DCA 1966); see State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792 (Fla.1951). We need not decide whether the rule should be construed to protect non-resident attorneys as well. Compare Schmitt v. Lamb, 43 F.2d 770 (5th Cir.1930), aff’d, Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932) (recognizing rule as covering attorneys); Durst v. Tautges, Wilder & McDonald, 44 F.2d 507 (7th Cir.1930); Read v. Neff, 207 F. 890 (S.D.Iowa 1913); Central Trust Co. of New York v. Milwaukee Street Ry. Co., supra; Hoffman v. Bay Circuit Judge, 113 Mich. 109, 71 N.W. 480 (1897); Whitman v. Sheets, 20 Ohio C.C. 1, 11 Ohio Cir. Dec. 179 (1899); Holmes v. Nelson, 1 Pa. 217 (1850); Williams v. Hatcher, 95 S.C. 49, 78 S.E. 615 (1913) (construing rule as covering attorneys) with Paul v. Stuckey, 126 Ark. 389, 189 S.W. 676 (1916); Nelson v. McNulty, 135 Minn. 317, 160 N.W. 795 (1917); Chicago B & Q Ry. Co. v. Davis, 111 Neb. 737, 197 N.W. 599 (1924); Kutner v. Hodnett, 59 Misc. 21, 109 N.Y.S. 1068 (1908); Greenleaf v. People’s Bank, 133 N.C. 292, 45 S.E. 638 (1903) (refusing to extend rule to cover attorneys).