## Case No. 14,645.

UNITED STATES v. BRIDGMAN et al.

[9 Biss. 221; 8 Am. Law Rec. 541; 12 Chi. Leg. News, 133; 9 Reporter, 74.][1]

Circuit Court. E. D. Wisconsin. Dec. 1879.

WRIT—SERVICE OF—PRIVILEGE—COMPULSORY APPEARANCE.

A citizen of Massachusetts was indicted in the federal court of Wisconsin. Under an arrange-

[1] [Reported by Josiah H. Bissell. Esq., and here reprinted by permission. 9 Reporter, 74, and 8 Am. Law Rec. 541, contain only partial reports.]

ment with the United States attorney that he might within a prescribed time appear, without arrest, and plead to the indictment and give bail, he came to Wisconsin for that purpose. *Held,* that his appearance in court was compulsory, and that during the time he was necessarily within the jurisdiction of the court for such purpose, he was exempt from liability to civil process.

[Cited in Miner .. Markham, 28 Fed. 391.]

[Cited in McIntire v. McIntire, 5 Mackey. 348: Moletor v. Sinnen, 76 Wis. 311, 44 N. W. 1099.]

G. W. Hazleton, for the United States.
H. M. Finch, for defendant.

DYER, District Judge. This action was commenced by personal service of a summons upon the defendant, Joseph C. Bridgman, the other defendant not being found; and the defendant served now specially appears for the purpose of moving to set aside such service as illegal.

Bridgman was lately indicted in the United States district court for this district, and an affidavit upon which the present motion is based, states that he is a citizen of the state of Massachusetts; that he came from that state into this district for the purpose of pleading to the indictment, and giving bail, and that while he was in the office of his counsel, and before he had sufficient time to depart, he was served with the summons in this action.

It further appears that some time since, the attorney for the United States received from the attorneys for the defendant in Massachusetts, a letter in which they expressed a wish for an arrangement by which the defendant could voluntarily give bail in the criminal case, in Massachusetts, and asking if such an arrangement could be made. To this proposition the attorney for the United States replied by letter under date of November 3d, declining to make the proposed arrangement, and stating that defendant must come to Milwaukee to be arraigned before bail could be taken, and that the bail would have to be fixed by the court in the presence of the defendant.

In this letter the district attorney used this language: "I shall be glad if Mr. B. will come here of his own accord, and will wait until Tuesday, the 11th inst., for him to appear. I should not feel at liberty to consent to this, but for the fact that the commissioner of Indian affairs has already apprised you of the indictment. I therefore assume that the postponement of the arrest in order to give the defendant an opportunity to appear voluntarily and plead, while it will save expense, will do no possible harm. Mr. B. can therefore appear at any time before the 11th, or on the 11th of this month, to plead and give bail."

It should be added that in a letter of date November 3d, written by the defendant personally to the attorney for the United States, he said: "If by giving bonds to appear at court at Milwaukee will save any expense to me, and save me time, etc., I will respond upon receipt of a letter from you as soon as by the presence and order of a United States marshal." .

Upon the facts thus presented, the question of the legality of the service of the process upon the defendant arises. There is clearly no ground for claiming that any fraud or deceit was practiced upon the defendant to induce him to come within this jurisdiction. As is apparent from the correspondence referred to, the defendant and his attorneys in Massachusetts, were endeavoring to make an arrangement by which he could give bail in that state to answer to the indictment pending against him here. In place of such an arrangement, the district attorney proposed to postpone his arrest until a day named, in order to give the defendant an opportunity to come without arrest, from Massachusetts, to plead to the indictment and give bail; and on the day so named, the defendant appeared, having come from the state of his residence for that purpose alone. There is perhaps an expression in the letter written by the district attorney to the defendant's attorney, which may have led him to suppose that if he would come voluntarily to the court where the indictment was pending, no harm would result to him; although, taking the whole letter together, it is quite evident that the writer did not intend that it should have that meaning. ...

But the real question is, was the defendant's presence within this jurisdiction in fact compulsory? I am of opinion that it should be so considered; and upon the authority of Parker v. Hotchkiss [Case No. 10,739] I must hold that the service upon the defendant of the summons in this action ought to be set aside.

In that case it was held that a suitor attending at court, but residing without the circuit, was privileged from the service of a summons; and in the statement of the case it appears that the summons was served after the cause to which the suitor was a party had been tried, and when he was at his lodgings. In the opinion delivered by Cane, J., the principle is stated that in such a case the exemption of the party from process is a privilege of the court, and that no distinction is to be taken between writs of capias and summons. In support of this distinction, authorities are cited, and Blight v. Fisher [Case No. 1,542] is overruled, Justice Grier and Chief Justice Taney concurring in the opinion.

In the case in hand, the defendant came from a foreign jurisdiction where he resided, into this district, for the sole purpose of pleading to the indictment and giving bail. His attendance was really compulsory, because he knew that if he did not come without arrest he would brought here upon a warrant. Bail could not be taken in Massachusetts, and with knowledge of this fact he was of necessity advised that he must

personally attend this court, either under or without arrest; and he chose to avail himself of the opportunity extended to him for a limited time, to come without arrest. But in fact he was here none the less under compulsion, and being here to submit himself to the court, plead to the indictment and give bail, he was, while necessarily within this jurisdiction for that purpose, exempt from liability to the service of process upon him in the present action. This conclusion is, I think, supported by the authorities which bear upon the question.

The motion to set aside the service of the summons will be granted.