HENRY B. SHERMAN *vs.* W. L. GUNDLACH.

June 14, 1887.

**Non-Resident Witness—Exemption from Service of Summons.—A** resident of another state, who has in good faith come into this state to give evidence as a witness in a cause here, is exempt from service with a summons in a civil action against him, in coming, while in attendance, and for a reasonable time thereafter in which to return.

Appeal by plaintiff from an order of the municipal court of Minneapolis, vacating and setting aside the service of the summons herein upon the defendant. It appeared that the defendant was at the time of the service a resident of the state of Iowa, but came into this state for the sole purpose of attending and testifying as a witness on a trial in the municipal court of Minneapolis, and was in actual attendance upon that court when the summons in this action was served. It further appeared that immediately upon the conclusion of the trial, the defendant left on the first train for his home in Iowa.

*Merrick, Davenport & Thian,* for appellant.

*Carmen N. Smith,* for respondent.

MITCHELL, J. The weight of authority in this country seems to be to the effect that a resident of another state or country, who has in good faith come into this state as a witness to give evidence in a cause here, is exempt from service with process for the commencement of a civil action against him. This privilege protects him in coming, in staying, and in returning, provided he acts *bona fide,* and without unreasonable delay. *Person* v. *Grier,* 66 N. Y. 124; *Matthews* v. *Tufts,* 87 N. Y. 568; *In re Healey,* 53 Vt. 694; *Atchison* v. *Morris,* 11 Biss. 191, (11 Fed. Rep. 582.) This immunity does not depend upon statutory provisions, but is necessary for the due administration of justice. The object is to encourage witnesses from abroad to come forward voluntarily and testify. Non-residents cannot be compelled to attend. If they come at all, it must be voluntarily, for the service of a subpœna upon them would be an idle ceremony.

If a party coming from another state to testify as a witness could be served with a summons in a civil action, the judgment in which would conclude him in all jurisdictions, the effect would be to deter him from coming at all. The same reasons for exempting a non-resident witness from arrest exist in favor of exempting him from the service of a summons in a civil action. *Walpole* v. *Alexander*, 3 Doug. 45. Neither does such an immunity work any injustice to any one; for, unless he comes within the state, there would be no opportunity to serve any process upon him. The rule granting a non-resident witness this immunity commends itself to us as a wise one, founded upon valid considerations of public policy. It follows from what has been said that it is unimportant whether the witness was served with a subpœna.

It can hardly be necessary to add that a summons in a civil action is "process" within the meaning of the cases cited, although held in this state not to be a process within the meaning of section 14 of article 6 of the constitution.

This disposes of appellant's eighth assignment of error, which is the only one which we deem necessary to consider at length. We have examined the others, but find no error.

The order of the court below setting aside the service of the summons in this action is affirmed.