POPE *v.* NEGUS.

(*Supreme Court, Special Term, New York County. July 9, 1888.*)

WITNESS—PRIVILEGE OF NON-RESIDENT—WHEN CEASES.

Defendant came into the state to testify in two cases that were on the day calen-
dars in two separate courts. On the call of the calendars both cases were set for
other days, but it did not appear that the witnesses were notified of that fact.
*Held,* that by remaining in the state during that day's session of court defendant
did not forfeit his privilege from service of process.

Motion to set aside service of summons and complaint as having been made
when defendant was in the state as a witness in two other causes, and so was
privileged. Service was had at a hardware store, No. 100 Chambers street,
New York city, about 2 or 2:30 P. M., June 15, 1888.

Edward C. Christie, for motion. Arthur Furber, contra.

O'BRIEN, J. The cases of *Person* v. *Grier*, 66 N. Y. 124; *Matthews* v.
*Tufts*, 87 N. Y. 568; and *Brown* v. *Sleeman*, 12 Civil Proc. R. 20,—are con-
clusive, and settle the rule in this state to be that a resident of another state,
who has in good faith come into this state to give evidence as a witness in a
cause here, is exempt from service of a summons in a civil action against him
while in attendance, and for a reasonable time thereafter in which to return.

See, also, *Sherman* v. *Gundlach,* (Minn.) 33 N. W. Rep. 549.   The affidavit herein shows, and there appears to be, no contention as to the fact of the person served having come from another state for the purpose of attending court as a witness, and on the day when the cases in which he was to appear as a witness were on the day calendar, and at about half past 2 o'clock of that day he was served with the summons which is herein sought to be set aside.   It is contended, nothwithstanding the rule of law entitling the witness to his privilege of exemption from service of process, that his delay within the jurisdiction for two or three hours worked a forfeiture of this privilege.   This, therefore, presents a question as to whether the time spent by the witness within the jurisdiction was such an unreasonable length of time as to work a forfeiture of the privilege.   It is claimed that the cases were adjourned, upon the call of the calendar, to other dates, but there is nothing to show that the witness had personal knowledge that his attendance would not be required during the day; and I think it can hardly be claimed that the remaining within the jurisdiction during the time that the court was in session, and up to the time of its usual adjournment, at 4 o'clock, was such an unreasonable delay as to prevent his claiming the privilege of exemption.   The motion should therefore be granted, without costs.