MOLETOR, by guardian *ad litem*, Appellant, vs. SINNEN, Respondent.

*February 28 — March 18, 1890.*

*Extradition: Arrest on civil process.*

One who has been brought to this state upon a requisition as a fugitive from justice, and has been tried for, or discharged as to, the offense charged against him, is not subject to arrest on a civil process until a reasonable time and opportunity has been given him to return to the state from which he was taken.

APPEAL from the Circuit Court for *Sheboygan* County.

Action for a breach of promise to marry. The plaintiff appeals from an order setting aside the service of the summons and complaint, and vacating an order of arrest. The facts will sufficiently appear from the opinion.

Moletor vs. Sinnen.

For the appellant there was a brief by *Simon Gillen*, and oral argument by *D. T. Phalen*. To the point that where the defendant in a criminal action is brought from one jurisdiction or state to another as a fugitive from justice, upon criminal process duly issued, after being released on bail or acquitted on trial he is subject to arrest on civil process, they cited *Williams v. Bacon*, 10 Wend. 636; *Lucas v. Albee*, 1 Denio, 666; *Lynch's Case*, 1 City H. Rec. 138; *Shotwell's Case*, 4 id. 95; *Moore v. Green*, 73 N. C. 394; *Adriance v. Lagrave*, 59 N. Y. 110; *Slade v. Joseph*, 5 Daly, 187; *Comm. v. Daniel*, 4 Clark (Pa.), 49; *Key v. Jetto*, 1 Pittsburg, 117; *Scott v. Curtiss*, 27 Vt. 762; *Hare v. Hyde*, 16 Q. B. 394; *Jacobs v. Jacobs*, 3 Dowl. P. C. 675; *Reg. v. Douglas*, 7 Jur. 39; *Goodwin v. Lordon*, 1 Ad. & El. 378; *Addicks v. Bush*, 1 Phila. 19; *Bours v. Tuckermann*, 7 Johns. 538; *Lagrave's Case*, 14 Abb. Pr. (N. S.), 333.

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*.

COLE, C. J. Did the circuit court properly set aside the service of the summons and complaint in this action, and vacate the order of arrest therein? The defendant was brought into this state upon a requisition upon the governor of Illinois, having been charged with the crime of seducing the plaintiff under a promise of marriage, and alleging that he was a fugitive from justice. Upon an examination before a magistrate, he was bound over for trial. At the April term of the circuit court of Sheboygan county, 1889, an information was filed in that court charging the defendant with having committed the crime of seduction. At the October term of that court the defendant was duly arraigned, and a plea in abatement was interposed, setting up the statute of limitations as a defense to the action. This plea was sustained by the court, and the defendant was discharged from custody. Within ten min-

utes after his discharge, and before he had departed from the court-room, the deputy-sheriff made service of summons and complaint and order of arrest upon him, at the suit of the plaintiff for a breach of promise.

It appears that the defendant, at the time of the alleged seduction, was a resident of Sheboygan county. He left the state in January, 1888, and remained outside the state, except that he returned in the night-time in the same month, and transacted some business, and immediately left. He was brought back on a requisition as a defendant in a criminal action, and as a fugitive from justice. It is said by the counsel for appellant that the affidavit of the defendant upon which the order of the court setting aside the service and order of arrest is based, is insufficient, because it fails to show any fraud or abuse of the process of the court by the appellant, or by any person acting for her, in the procurement of the return of the defendant on the criminal prosecution, nor does it show that the defendant was, at the time he so returned on the requisition, a *bona fide* citizen of Illinois. But it appears from the affidavit of the plaintiff which was used to obtain the order of arrest that the defendant was not a resident of this state, but resided in the city of Chicago, and that he was about to return to that state; and, while the promise of marriage was made, and the alleged seduction was accomplished, in 1887, it does not appear that the plaintiff had anything to do in procuring the defendant's return on the requisition of the governor, nor does it appear that there was any fraud used on the part of any one to get the defendant within the state. In that respect the case is distinguishable from *Townsend v. Smith*, 47 Wis. 623, and cases where jurisdiction is obtained by fraudulent means.

It is assumed, in this case, as a fact, that the defendant had committed the crime of seduction, as alleged, and had withdrawn himself from the state to avoid a prosecution

therefor, so as to be a fugitive from justice in a legal sense. Still, having been forcibly brought to the state on a requisition, and the court having exhausted its jurisdiction over him in respect to the crime with which he was charged, could he properly be arrested in a civil action until a reasonable time and opportunity had been given him, after his discharge, to return to the state from which he had been forcibly taken? This is the question involved in the appeal; and we think sound principle requires that, where a person has been brought within the jurisdiction of a court upon a requisition as a fugitive from justice, and has been tried for, or discharged as to, the offense charged against him, he ought not to be subject to arrest on a civil process until a reasonable time and opportunity has been given him to return to the state from which he was taken. In the courts of the United States the weight of judicial opinion is in favor of the proposition that, where a party in good faith is brought within the jurisdiction of a state, or detained therein, being a nonresident, either as a party to a suit or as a witness in another suit, he is not subject to service. *Small v. Montgomery,* 23 Fed. Rep. 707; *Juneau Bank v. McSpedan,* 5 Biss. 64; *U. S. v. Bridgman,* 9 Biss. 221; *Blair v. Turtle,* 1 McCrary, 372, 5 Fed. Rep. 394; *Atchison v. Morris,* 11 Fed. Rep. 582. Many of the state courts hold the same rule. *Compton v. Wilder,* 40 Ohio St. 130; *People ex rel. Watson v. Judge,* 40 Mich. 730; *Cannon's Case,* 47 Mich. 482; *Baldwin v. Branch Circuit Judge,* 48 Mich. 525; *Jacobson v. Hosmer,* 76 Mich. 234; *Sherman v. Gundlach,* 37 Minn. 118; *Chubbuck v. Cleveland,* 37 Minn. 466; *Palmer v. Rowan,* 21 Neb. 452; *Wanzer v. Bright,* 52 Ill. 35; *Williams v. Reed,* 29 N. J. Law, 385; *Hill v. Goodrich,* 32 Conn. 588. The last three cases go upon the same ground as *Townsend v. Smith,* 47 Wis. 623.

The reason for the rule that a person is exempt from arrest under the circumstances disclosed in this case is that

sound public policy requires that a person shall be privileged from arrest while going to or from court in all judicial proceedings. The privilege should exist to subserve great public interests and the due administration of justice. Moreover, as was said by CAMPBELL, J., in *Cannon's Case*, 47 Mich. 482, "it is very well known that the perversion of extradition proceedings has on more than one occasion led to difficulties between nations, and to refusals by state executives to deliver up persons charged with crime whose arrest was supposed to be desired for sinister purposes." The temptation is certainly strong to make such requisitions subservient to private interests; and they are often resorted to to enforce a collection of private debts, or to remove a citizen from his home into a foreign jurisdiction in order to get service on him in a civil action. For the most cogent reasons, therefore, we think courts of justice are bound to see that no improper use be made of such proceedings, which would look like a violation of good faith and a perversion of measures which had to be resorted to in order to bring the party accused within their jurisdiction.

We do not deem it necessary to comment in detail upon all the cases cited. We will observe, however, that, in cases of extradition by a foreign government under a treaty, the supreme court of the United States holds that a person who has been brought within the jurisdiction of a court by virtue of proceedings under an extradition treaty could only be tried for one of the offenses described in said treaty and for the offense with which he is charged in the proceedings for his extradition, until a reasonable time and opportunity had been given him, after his release or trial upon such charge, to return to the country from whose asylum he had been forcibly taken under those proceedings. *U. S. v. Rauscher*, 119 U. S. 407.

A distinction is made in some of the authorities between civil and criminal cases. In criminal cases, some courts hold

that even a forcible seizure in another country, and the transfer by violence or fraud to this country, is no sufficient reason why the party should not answer when brought within the jurisdiction of a court which has the right to try him for such an offense. See *Ker v. Illinois*, 119 U. S. 436; *Mahon v. Justice*, 127 U. S. 700. The offense having been committed in the state to which the party is brought, he may be there tried for it; and neither comity to a sister state, nor any just appreciation of the rights of a citizen, entitle him to be released. He may be held to answer for the crime he has committed. This question is fully considered in *State ex rel. Brown v. Stewart*, 60 Wis. 587. But it is obvious there is no fair analogy between civil and criminal cases in this respect, and a different rule applies.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.