STATE EX REL. HATTABAUGH, Appellant, vs. BOYNTON, Respondent.

*May 14—June 3, 1909.*

*Extradition: Arrest on civil process.*

One who has been brought into this state by extradition proceedings based on a criminal charge is not subject to arrest in contempt proceedings to enforce compliance with a prior civil judgment against him, until he has had an opportunity to return to the state from which he was extradited, even though he was, when he absconded, a resident of this state and had not since acquired a residence elsewhere, and the court in which said judgment was rendered had, before his departure, obtained jurisdiction both of the subject matter of the action and of his person.

APPEAL from an order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge.  *Affirmed.*

The appeal is from an order discharging an attachment for contempt of court.

For the appellant there was a brief by *Nash & Nash,* and oral argument by *E. G. Nash.*   They cited, among other au-

thorities, *Matthews v. Puffer,* 10 Fed. 606; *Saveland v. Connors,* 121 Wis. 28, 98 N. W. 933; *Bonahan v. Nebraska,* 125 U. S. 692, 8 Sup. Ct. 1390; *Allen v. Georgia,* 166 U. S. 138, 17 Sup. Ct. 525; *Wartman v. Wartman,* Fed. Cas. No. 17,210.

For the respondent there was a brief by *J. S. Anderson,* attorney, and *A. L. Hougen,* of counsel, and oral argument by *Mr. Hougen.* They cited, besides other cases, *Anderson v. Rountree,* 1 Pin. 115; secs. 2965, 2966, Stats. (1898); *In re Blair,* 4 Wis. 522.

TIMLIN, J. Upon affidavit showing that in an equitable action against a trustee for an accounting judgment was on July 18, 1907, given and rendered against the defendant, *Prescott Boynton,* and in favor of the relator, and that the defendant, after the cause was tried and while it was pending under consideration by the circuit court, fled from the state of Wisconsin, taking with him the trust property for the purpose of defeating, impairing, and prejudicing the rights and remedies of the relator, had been thereafter served with a true copy of said judgment, and had failed to comply with its commands, a writ of attachment for contempt was issued returnable before the court on January 12, 1909. Attached to this affidavit and made part thereof was a copy of the judgment, which decreed that the defendant within thirty days after the service upon him or upon his attorney of written notice of the entry of judgment deposit with the clerk of said circuit court certain bonds of the United States and a certain amount of money, or in lieu of said bonds the sum of $10,000 with the money mentioned, and that in case of his failure to make said deposit the relator might have execution against the property of the defendant in the sum of $12,133.80 and the costs of the action. The defendant was arrested and held to bail to answer for his appearance on this charge of contempt of court, and thereafter the defendant

moved to vacate the writ of attachment on the ground that he was brought into the state of Wisconsin from the state of Tennessee by extradition proceedings based on a criminal complaint and warrant issued out of the municipal court of Manitowoc county on a charge of embezzlement of this same property. The defendant was arrested on the attachment for contempt in the presence of the municipal court and immediately upon his release on bail and without opportunity for him to return to the state from which he was extradited. The circuit court, upon the authority of *Moletor v. Sinnen*, 76 Wis. 308, 44 N. W. 1099, and on this showing, discharged the attachment.

The relator appeals to this court and seeks to distinguish the case from *Moletor v. Sinnen, supra,* on the ground that the defendant here was at the time he absconded a resident of Wisconsin and had not since acquired a residence elsewhere, and that the circuit court had, prior to his departure from Wisconsin, obtained in the equity suit jurisdiction of the subject matter and of the person of defendant, and that the defendant was guilty of the crime of embezzlement as well as of contempt of court. But the case cited was decided upon the hypothesis that the defendant was guilty and that he had withdrawn himself from the state to avoid prosecution, and was a fugitive from justice in the legal sense of that term. There does not seem to be any substantial distinction as regards immunity from arrest on civil process between that case and the instant case. The attachment in the instant case was issued to enforce a civil or private right of the relator, as appears from the facts above detailed. Sec. 3477, Stats. (1898); sec. 2565, Id.

Other matters relating to the form of judgment and referring to secs. 2965 and 2966, Stats. (1898), are urged in support of the decision of the circuit court, but we do not find it necessary to pass upon them.

*By the Court.*—The order of the circuit court is affirmed.