PETER NELSON v. FRANK McNULTY.[1]

January 5, 1917.

Nos. 20,056—(193).

**Process — nonresident attorney taking deposition not exempt.**

The exemption from service of civil process extended by law to a witness or a party to an action pending in this state who comes voluntarily into the state to give testimony on the trial of the action, does not apply to an attorney for a nonresident party who comes into this state for the purpose of taking a deposition of a witness residing therein for use in the trial of an action pending in the state of the attorney's residence.

Defendant appeared specially before the district court for Traverse county and moved the court to set aside the service of summons in this action because the same was invalid, in that he was served while in Minnesota for the purpose of attending the taking of a deposition as attorney in an action then pending in the circuit court for South Dakota. The motion was denied, Flaherty, J. From the order denying the motion, defendant appealed. Affirmed.

*Charles E. Houston,* for appellant.

*Murphy & Anderson,* for respondent.

BROWN, C. J.

Appeal from an order denying defendant's motion to vacate and set

[1]Reported in 160 N. W. 795.

aside the service of the summons in the action. The facts are as
follows:

At the time of the commencement of this action, there was pending
in the circuit court of the state of South Dakota a certain action, in
which the receiver of the Independent Elevator Company, a South
Dakota corporation, was plaintiff, and the Hallett & Carey Company, a
corporation, was defendant. Defendant is an officer of the Independent
Elevator Company and was one of the attorneys for the receiver in
that action. He is a practicing attorney of South Dakota, residing at
Aberdeen, that state. Prior to the commencement of this action a
notice of taking the deposition of a witness who resided in this state, for
use on the trial of the South Dakota suit, was duly given and served
upon defendant herein as one of the attorneys in that action. At the
time and place stated in the notice, namely, Minneapolis, where the
witness resided, defendant appeared as an officer of the elevator company,
and as attorney for the receiver, solely for the purpose of participating
in the taking of the evidence of such witness. Upon arriving in Minne-
apolis, or soon thereafter, the parties through their attorneys entered
into a stipulation as to the facts of that case, and the deposition of the
witness was not taken. Within an hour or so thereafter defendant was
served with the summons in this action, which service, by the order
appealed from, the court below declined to set aside.

The sole contention of appellant is that the rule exempting nonresi-
dent parties and witnesses from the service of process while attending
the trial of an action in our courts (Sherman v. Gundlach, 37 Minn.
118, 33 N. W. 549), applies to and includes nonresident attorneys who
come into this state for the same purpose, and to the managing offi-
cers of foreign corporations similarly situated, and that since the sole
purpose of defendant's presence in the state, at the time of the service
of the summons in this action, was the taking of a deposition of a wit-
ness residing therein for use on the trial of the action pending in
South Dakota, he was exempt from such service, and that the trial
court erred in not vacating the same. We are unable to concur in this
contention.

The rule exempting nonresident parties and witnesses from the ser-
vice of civil process while attending the trial of an action in a state

other than their residence, is one of general application as a rule of the common law. 32 Cyc. 490; Sherman v. Gundlach, supra; 2 Notes on Minn. Reports, 1056. Its application has usually been invoked by and limited to parties and witnesses (note to Mullen v. Sanborn, 25 L.R.A. 721), though in one or two instances has been extended to attorneys. Hoffman v. Bay Circuit Judge, 113 Mich. 109, 71 N. W. 480, 38 L.R.A. 663, 67 Am. St. 458. It was held inapplicable to attorneys in a well-reasoned opinion in Greenleaf v. Peoples' Bank, 133 N. C. 292, 45 S. E. 638, 63 L.R.A. 499, 98 Am. St. 709. The question whether it should be extended to attorneys has not heretofore come before us. We have given the matter full consideration and are of opinion, and so hold, that there should be no such extension, at least not upon facts like those here presented. The case by its facts is not brought within the reason of the rule as stated in Sherman v. Gundlach, supra. It was there stated by Mr. Justice Mitchell that "the object" of the rule "is to encourage witnesses from abroad to come forward voluntarily and testify." The personal presence of a witness in court is advantageous to both court and jury, and aids materially in determining the truth in respect to matters in dispute by the parties. The deposition is nothing more than a written statement of the witness, and his demeanor while giving his testimony before the notary is not disclosed. The advantage of the personal presence of the witnesses is too obvious and apparent to require extended mention, and such is the basis of the rule by which the nonresident witness is offered protection from suit if he voluntarily comes into the state to give his evidence before the court and jury. In the case at bar no cause was pending in the courts of this state with reference to which defendant came into this state at the time in question. There was an action pending in his own state, and his presence here was to join in taking a deposition to be used in that action. We think in such situation that the rule should not apply to the attorney. The rule was held inapplicable to a party to the suit on similar facts in Greer v. Young, 120 Ill. 184, 11 N. E. 167. If the party under such circumstances is not within the protection of the rule, then clearly the attorney should be excluded. A more liberal rule has been adopted and followed in New York.

Parker v. Marco, 136 N. Y. 585, 32 N. E. 989, 20 L.R.A. 45, 32 Am. St. 770. The case of Greer v. Young has been generally approved. 6 Notes to Ill. Reports 56.

Our conclusion therefore is in harmony with that reached by the learned trial judge, and the order appealed from is affirmed.