Frederick B. Bryant, J.
The defendant moves pursuant to CPLB. 3122 for an order vacating a notice to take his deposition upon oral examination. The defendant is a resident of the State of New Jersey. Jurisdiction was obtained by attaching a contract of insurance issued by the Lumberman’s Mutual Casualty Company of Syracuse, New York, to the defendant. Jurisdiction obtained in this manner was upheld in the case of Seider v. Roth (17 N Y 2d 111) the holding in which was reconfirmed by Simpson v. Loehmann (21 N Y 2d 305).
It is the contention of the defendant that the jurisdiction obtained by attaching the contract of insurance is an in rem jurisdiction and not an in personam jurisdiction. The defendant contends that under these circumstances his attendance at an examination before trial cannot be compelled by the disclosure requirements of the CPLB.
Subsequent to the attachment herein, the jurisdiction of the court was attacked by the defendant in the Supreme Court of Tompkins County. On appeal from an order dismissing the action on the grounds of defective jurisdiction, such order was reversed (29 A D 2d 616).
The affidavit submitted in support of the motion indicates that the insurance carrier, in conformity to its obligations, has retained counsel to appear on behalf of the defendant in the above-pending action. This appearance is an appearance on behalf of the defendant even though the attorneys representing the defendant herein are employed and paid by the insurance carrier in accordance with the obligations of its contract.
The provisions of CPLB 320 have eliminated the possibility of a special appearance in an action. A defendant may contest the jurisdiction of the court by motion, and if defeated on the motion may then elect to either default or appear in the action. A defendant may likewise raise the jurisdictional objection in his answer, the ultimate result of the action on the merits to abide the ultimate decision on the jurisdictional question. In *933 the latter case, however, his appearance in the action confers in personam jurisdiction on the court. The appearance of the defendant in this case through counsel employed on his behalf by his liability insurer likewise gives the court jurisdiction in personam.
The commentaries to the CPLR indicate that CPLR 320 intentionally compels non-residents to submit to personal jurisdiction. Following the acquisition of in rem jurisdiction by one of the methods provided in CPLR 314, the defendant is faced with the choice of either defaulting or entering an appearance. As soon as an appearance is made, the court acquires in personam jurisdiction for all purposes.
Defendant has referred the court to the case of Podolsky v. Devinney, a decision of the United States District Court for the Southern District of New York, dated February 26, 1968 (281 F. Supp. 488). This decision vacated an attachment of a liability policy and held the rule of Seider v. Roth (17 N Y 2d 111, supra) to be unconstitutional. This court, however, is bound by the decision of the Court of Appeals in the latter case and must accept the fact that in rem jurisdiction over this defendant was properly obtained under CPLR 314.
The case of Gazerwitz v. Adrian (28 A D 2d 556) is directly in point on the question raised here. It was there held that a nonresident defendant over whom the courts of this State have obtained jurisdiction by attachment as authorized in Seider v. Roth (supra) is subject to the provisions of the CPLR with reference to examinations before trial.
In the present case the defendant is before the court in this litigation for all purposes, including compliance with .the disclosure requirements of CPLR. Motion denied.