**Natalie BEEBER and Robert Beeber, Plaintiffs,**

**v.**

**Richard J. LaFRANCE and Adeline M. LaFrance, Defendants.**

**No. 70 Civ. 2078.**

United States District Court, S. D. New York.

June 4, 1973.

Fuchsberg & Fuchsberg, New York City, by Abraham Fuchsberg, New York City, for plaintiffs.

Walsh, Mulholland, Minion & Roe, Mineola, N. Y., by Thomas J. Walsh, Mineola, N. Y., for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Plaintiffs are New Yorkers who claim damages for personal injuries arising out of the alleged negligence of defendant residents of Provincetown, Massachusetts in the operation, in Massachusetts, of an automobile insured by a New York liability insurance company.

Obtaining quasi-in-rem jurisdiction, pursuant to the well known *Seider-Roth* doctrine (17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312), plaintiffs sued in New York State court. The insurer provided a defense, and answered in the name of defendants, limiting the appearance pursuant to New York CPLR § 320 (b), so that any recovery will be limited to the res purportedly attached.

On May 22, 1970, more than three (3) years ago, relying on the Massachusetts citizenship of the nominal defendants, the New York insurer removed the case to this Court on grounds of diversity of citizenship (28 U.S.C. § 1441). Despite the age of the action, which arises out of injuries suffered in 1967, discovery is not complete, and defendants now move for a protective order to require their deposition, now noticed to be taken at New York City, to be held in Massachusetts.

The insurer is required by policy provisions to pay travel expense, but not lost wages incurred by defendants in cooperating in the defense of the action.

█ In support of their motion, defendants make no factual showing of undue hardship. They rely on notice, which this Court will take, of the fact that Provincetown is at the extreme end of Cape Cod, served by uniformly bad, heavily travelled roads, and also on the "conclusive presumption of hardship in *Seider* cases sufficient to excuse the de-

fendants' appearing", which our Court of Appeals, in 1968, by dictum in Minichiello v. Rosenberg, 2 Cir., 410 F.2d 106, 112 (1968), assumed that the New York Court of Appeals would find to exist as a necessary element of due process.

█ The passage of time has not sustained the validity of that dictum or prediction. In these days of mobility, the impingement upon a Massachusetts resident required to appear in New York for one day, with his travel expenses fully paid by his insurer seems hardly to rise to the level of deprivation of constitutional due process. Gazerwitz v. Adrian, 28 A.D.2d 556, 280 N.Y.S.2d 233 (2nd Dept. 1967), decided prior to and cited in *Minichiello, supra,* clearly holds that absent a showing of [actual] hardship, a non-resident over whom quasi-in-rem or *Seider* jurisdiction has been obtained may be deposed in the county in which the action is pending. That rule was followed in 1968 in Alex v. Grande, 56 Misc.2d 931, 290 N.Y.S.2d 303 (1968), and cited with approval in Abazoglou v. Tsakalotos, 36 A.D.2d 516, 317 N.Y.S.2d 372 (1st Dept. 1971), decided long after *Minichiello.*

While the New York Court of Appeals has not spoken directly on the issue, it has had sufficient time since *Gazerwitz* so to do, and in questions of due process, "[n]ot lightly vacated is the verdict of quiescent years". [Coler v. Corn Exchange Bank, 250 N.Y. 136, 141, 164 N.E. 882, aff'd sub nom. Corn Exchange Bank v. Coler, 280 U.S. 218, 50 S.Ct. 94, 74 L. Ed. 378 (1930)]. We think, contrary to the dictum or prediction in Minichiello, that Court, when and if it reaches the question, will treat the absent *Seider* defendant as subject to the same reasonable requirements to appear in the jurisdiction for discovery as any other party, with relief to be granted upon a factual showing of actual, as opposed to constructive, hardship. As a matter of discretion, we should treat such a defendant in a removed diversity action no differently.

While such a practical consideration should not receive undue weight, we ob-

serve in passing that a failure to follow *Gazerwitz* merely encourages the removal of diversity cases, by New York insurers relying on the citizenship of the nominal defendant, and acting merely to limit or hamper the discovery which plaintiff would enjoy in the original state forum. While such removal is a matter of right, we should not reward its use to gain such a tactical advantage.

 Plaintiffs have offered to stipulate defendants' immunity from process or other harassment during their entire stay in New York for deposition, and it is so ordered. Such stipulation has no part, however, in the disposition of this motion, because defendants enjoy such immunity as a matter of law in any event. See Weinstein et al., New York Civil Practice, ¶ 308.05, and authorities therein cited.

The motion for a protective order is in all respects denied, and the parties and counsel are instructed to proceed, forthwith, to complete all pre-trial procedures so that this action may be tried.

So Ordered.