**Alberto CEFIS, Respondent,**

v.

**Eugenio CEFIS, Appellant,**

**Acmon Ltee, a Canadian company, et al., Defendants.**

No. C5–96–1062.

Court of Appeals of Minnesota.

Nov. 19, 1996.

Review Denied Jan. 29, 1997.

William Z. Pentelovitch, Alain M. Baudry, Brenda J. Arndt, Maslon, Edelman, Borman & Brand, P.L.L.P., Minneapolis, for appellant.

Frank R. Berman, Frank R. Berman, P.A., Minnetonka, for respondent.

Considered and decided by SHORT, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

SHORT, Judge.

This case requires us to decide whether the exemption privilege should reach beyond trial testimony to protect nonresident witnesses who in good faith enter this state to give deposition testimony.

### FACTS

Eugenio Cefis (Cefis) is an Italian citizen living in Switzerland. He does not live in Minnesota, and claims not to conduct business, advertise, or ship goods into Minnesota. Cefis is the sole shareholder of a Swiss corporation, Cohor Holding Company, Ltd. (Cohor), which owns a minority interest in a Minnesota company, Columbia Investments Corp. (Columbia).

Cohor and another shareholder filed, in Minnesota state court, a lawsuit (Columbia action) against Columbia's three directors alleging self-dealing. Two of the three directors live in Minnesota, and the lawsuit seeks relief under the Minnesota Business Corporation Act, Minn.Stat. ch. 302A (1994). In connection with that lawsuit, Cefis traveled from Switzerland to Minnesota to provide deposition testimony, participate in court-encouraged mediation, and attend a shareholders' meeting. The mediation and meeting began and ended on March 4; Cefis's deposition started on the afternoon of March 4 and ended March 6. At the completion of his deposition, but before Cefis boarded an afternoon flight for Europe, he was served with a summons and complaint in a new lawsuit.

The new lawsuit, filed by Cefis's brother against Cefis, Cohor, and Acmon Ltee, a Canadian corporation, alleges fraud and breach of contract arising out of a stock transfer. With the exception of handing Cefis the summons and complaint at the end of the Columbia deposition, the plaintiff in this action has not attempted any other service of process upon Cefis or the other defendants. Cefis brought a Rule 12.02 motion to dismiss this action due to insufficiency of service of process, lack of personal jurisdiction, and forum non conveniens. The trial court denied the motion.

### ISSUES

I.  Is Cefis exempt from service of civil process because he was present in Minnesota to give deposition testimony in another lawsuit?

II. Did the trial court properly exercise personal jurisdiction over Cefis pursuant to Minnesota's long-arm statute, Minn.Stat. § 543.19 (1994)?

### ANALYSIS

A trial court's denial of a motion to dismiss on the grounds of ineffective service of process or lack of personal jurisdiction is appealable as a matter of right. *Hunt v. Nevada State Bank,* 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969), *cert. denied,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970), *cited in In re State & Regents Bldg. Asbestos Cases,* 435 N.W.2d 521, 522 (Minn.1989).

Whether service is proper involves a question of law, which we review de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984) (utilizing de novo review of legal questions); *Amdahl v. Stonewall Ins.*, 484 N.W.2d 811, 814 (Minn.App.1992) (noting sufficiency of service of process presents legal question), *review denied* (Minn. July 16, 1992). When reviewing a motion to dismiss based on lack of personal jurisdiction, we presume all factual allegations in the complaint are true. *Hunt*, 285 Minn. at 82–83, 172 N.W.2d at 296–97.

### I.

■ A state court has jurisdiction over a defendant who is present in the state and is personally served regardless of whether the defendant is a resident. *Nielsen v. Braland*, 264 Minn. 481, 483–84, 119 N.W.2d 737, 738 (1963); *see* Minn. R. Civ. P. 4.03 (prescribing method for in-state service of process). An exception to this rule exists for nonresidents who enter the state to testify as witnesses at trial. *State v. Taran*, 253 Minn. 158, 160, 91 N.W.2d 444, 446 (1958); *Sherman v. Gundlach*, 37 Minn. 118, 118–19, 33 N.W. 549, 550 (1887). The object of granting nonresident witnesses exemption from service is to promote the timely and orderly process of litigation by encouraging witnesses to appear voluntarily to testify, preserving scarce court resources otherwise spent on discovery motions and delaying tactics. *See LaRose v. Curoe*, 343 N.W.2d 153, 155 (Iowa 1983) (discussing how full participation of witnesses aids in litigation process). Thus, the purpose of the exemption doctrine is to aid the administration of justice. *Nelson v. McNulty*, 135 Minn. 317, 319, 160 N.W. 795, 796 (1917); *First Nat'l Bank v. Ames*, 39 Minn. 179, 179, 39 N.W. 308, 308 (1888). In this respect, "the privilege * * * asserted * * * is the privilege of the court, rather than of the [potential] defendant." *Stewart v. Ramsay*, 242 U.S. 128, 130, 37 S.Ct. 44, 46, 61 L.Ed. 192 (1916) (citation omitted).

■ This case asks whether the exemption privilege should reach beyond trial testimony to protect nonresident witnesses who travel to this state in good faith to give deposition testimony. Many jurisdictions grant protection beyond courtroom appearances to other litigation-related activities, including depositions. *See, e.g., Higgins v. California Prune & Apricot Growers*, 282 F. 550, 559 (2d Cir. 1922) (extending exemption doctrine to parties present in state for deposition because "[s]uch proceedings are essentially a part of the trial"); *Beeber v. LaFrance*, 360 F.Supp. 1030, 1032 (S.D.N.Y.1973) (recognizing that, as matter of law, nonresident witness being deposed was exempt from process); *LaRose*, 343 N.W.2d at 156 (applying exemption doctrine to all judicially-related proceedings); *see also* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1077, at 506 (1987) (stating that person present in jurisdiction to be deposed enjoys same exemption from service of process as one present to testify at trial).

In deciding whether extending the exemption rule to cover deposition testimony would further the administration of justice, the undisputed facts of this case are relevant. The record demonstrates: (1) Cefis cooperated with Columbia defense counsel by agreeing to be deposed; (2) Columbia defense counsel intended to offer Cefis's deposition testimony at trial; and (3) if Cefis had not voluntarily traveled to Minnesota, the Columbia plaintiffs would have pursued Cefis's testimony in Switzerland, potentially delaying the case and causing the trial court to expend resources on discovery motions. Under these circumstances, protecting Cefis from service of process is consistent with the policy considerations underlying the exemption privilege.

Cefis's brother argues the supreme court's decision in *Nelson*, 135 Minn. at 319, 160 N.W. at 796, precludes an extension of the exemption privilege. However, the person denied exemption in *Nelson* was not a witness to the action, but a nonresident attorney who entered this state to represent a client at a deposition. *Id.* at 318, 160 N.W. at 796. Whether and when nonresident attorneys may be exempt from service of process are separate questions not material to our inquiry.

■ Cefis's brother also argues the controlling reason for Cefis's presence in Minne-

sota was the shareholders' meeting, and, therefore, Cefis should be precluded from claiming the exemption privilege. *See Sofge v. Lowe,* 131 Tenn. 626, 176 S.W. 106, 108 (1915) (holding protection of exemption is lost if a witness's litigation matters are intermingled with other business); *Finucane v. Warner,* 194 N.Y. 160, 86 N.E. 1118, 1119 (1909) (determining exemption privilege did not attach to witness because he attended to other business while in the state). However, Minnesota's exemption privilege imposes its own limits of reasonableness. *See Sherman,* 37 Minn. at 118, 33 N.W. at 550 (setting forth general restrictions on privilege by providing that exemption attaches only if nonresident "acts bona fide, and without unreasonable delay" in leaving forum state after testifying). Even if we were to employ the "controlling reason" test, the record demonstrates Cefis spent the majority of his time in Minnesota being deposed. During his two-day stay, Cefis conducted no personal business, and devoted minimal time to the mediation and shareholders' meeting.

■ Cefis's brother further argues Cefis is estopped from claiming the exemption privilege because the Columbia action and this case are so closely related. Although exemption from service of process does not attach when the lawsuit in which exemption is sought is part of or a continuation of a suit already pending in the jurisdiction, Minnesota law requires a high degree of claim congruence before finding the two cases are related. *See Lamb v. Schmitt,* 285 U.S. 222, 227, 52 S.Ct. 317, 318–19, 76 L.Ed. 720 (1932) (disallowing exemption from service of process because case was brought in aid of already-pending suit); *Interstate Commerce Comm'n v. St. Paul Transp.,* 39 F.R.D. 309, 310–11 (D.Minn.1966) (requiring high degree of claim congruence). A comparison of the Columbia action and this case reveals: (1) the two lawsuits do not involve the same facts or subject matter; (2) the Columbia action involves allegations of mismanagement under the Minnesota Business Corporation Act, while this case involves allegations of fraud and breach of contract, and is governed by either Canadian or Swiss law; and (3) only two of the seven parties involved in the Columbia action are named in this action.

Given these facts, there is not a high degree of claim congruence between the Columbia action and this case.

We conclude the exemption privilege reaches beyond trial testimony to protect nonresident witnesses who in good faith enter this state to give deposition testimony. Because Cefis entered Minnesota to be deposed, he is exempt from service of civil process.

## II.

■ Even though we conclude Cefis was protected from civil process while present in this state to give deposition testimony, Cefis's brother argues the trial court has personal jurisdiction over Cefis under Minnesota's long-arm statute, Minn.Stat. § 543.19 (1994). The long-arm statute permits a court to exercise jurisdiction over a nonresident individual as if he were a resident of Minnesota if such action does not offend due process. *See Valspar Corp. v. Lukken Color Corp.,* 495 N.W.2d 408, 411 (Minn.1992) (holding long-arm statute is satisfied when federal due process requirements are met). To satisfy due process in this context, a nonresident defendant must have sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted).

Notwithstanding the existence of minimum contacts, there can be no exercise of personal jurisdiction over a defendant on the basis of the long-arm statute without an effective service of process on the defendant. *See* Minn. Stat. § 543.19, subd. 2 (requiring proper service of process on nonresidents outside the state). Excepting the ineffective personal service on Cefis following his deposition, Cefis's brother has made no further attempt to serve Cefis with process in this action. Absent the statutory prerequisite of service of process, a due process analysis would be premature. Thus, the issue of whether Cefis is subject to the personal jurisdiction of the trial court under the long-arm statute is not properly before us. Because we hold the

trial court has not properly exercised personal jurisdiction over Cefis, we need not address the issue of forum non conveniens.

## DECISION

Because Cefis entered the state to give deposition testimony, he is exempt from service of civil process. The absence of proper service on Cefis· precludes the trial court from exercising personal jurisdiction over him under Minnesota's long-arm statute. Thus, the trial court erred in denying Cefis's motion to dismiss. Accordingly, we reverse with instructions to dismiss the action for lack of personal jurisdiction.

**Reversed.**